# UNITED STATES DISTRICT COURT

**EASTERN** DISTRICT OF **CALIFORNIA**

—oOo—

**FILED**

AUG 0 7 2008

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY __C. ESTEVES__
DEPUTY CLERK

UNITED STATES OF AMERICA

v.

Jeffrey Alan Brohn

~~[redacted]~~,

Flushing, Michigan

## CRIMINAL COMPLAINT

CASE NUMBER:

1:08 MJ 0 0 1 7 8 SMS

(Name and Address of Defendant)

I, the undersigned complainant being duly sworn state the following is true and correct to the best of my knowledge and belief. Between on or about November 1, 2005 and June 8, 2006 in Tulare County, in the Eastern District of California defendant(s) did, (Track Statutory Language of Offense)

▸ Use of mail or any facility or means of interstate or foreign commerce to knowingly persuade, induce, entice, or coerce any individual who has not attained the age of 18 years, to engage in sexual activity for which any person can be charged with a criminal offense, or attempts to do so.

in violation of Title 18, United States Code, Section(s) 2422(b). I further state that I am a(n) Task Force Officer with the Federal Bureau of Investigation, Cyber Crimes Task Force and that this complaint is based on the following facts:

▸ **See Attached Affidavit**

_X_ Continued on the attached sheet and made a part hereof.

_____
Signature of Complainant  Juan P. Morales
Federal Bureau of Investigation
Cyber Crimes Task Force

Sworn to before me, and subscribed in my presence

August 7, 2008                                            at    Fresno, CA
Date                                                                        City and State

**SM SNYDER**
U.S. Magistrate Judge
Name and Title of Judicial Officer

_____
Signature of Judicial Officer

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

County of Fresno                     Re:   In Support of
                                            Criminal Complaint

                                     **Jeffrey Alan Brohn**
                                     ~~[redacted]~~
                                     **Flushing, Michigan**

## AFFIDAVIT

I, Juan P. Morales, being duly sworn, hereby depose and state as follows:

1. I am a Special Agent with the California Department of Justice (DOJ), and I have been so employed for approximately 11 years. I have 27 years of extensive training in law enforcement and criminal investigations. I have investigated more than 500 criminal cases, which include Computer Crimes such as Child Pornography, Identity Theft, Extortion, Fraud, Burglary, Robbery, Embezzlement and Homicide. I have attended computer crimes training classes sponsored by the California Department of Justice, National White Collar Crimes Center and the National Law Center. I received training in Internet Crimes Investigation, Computer Forensics Data Collection, Computer Crimes Investigation and I have attended several seminars that provided training in the areas of child exploitation on the internet. In November of 2006, I was assigned to the Federal Bureau of Investigation (FBI) Fresno Area Cyber Crimes Task Force (CCTF) and have been given Special Deputation Authority.

2. This affidavit is made in support of issuance of a criminal complaint for Jeffrey Alan BROHN of Flushing, Michigan, for violating 18 U.S.C. § 2422(b)), which makes it a crime for any person to use the Internet or any facility of interstate commerce to attempt to persuade, induce, entice, or coerce an individual whom he believed to be under the age of 18 years old, to engage in sexual activity for which anyone could be charged with a criminal offense.

3. The information contained in this affidavit is based upon my personal observations and training and, where noted, information related to me by other law enforcement officers and or/agents.

4. On June 6, 2006, Detective James L. Carr, Visalia Police Department (VPD) interviewed Victim (V), a 15 year old male residing in the City of Visalia, California. V stated he had been corresponding with a male subject whom he identified as Jeffery BROHN. V stated he initially met BROHN on the Internet at a site called "Hi5.com". He stated he began communicating with

BROHN sometime in early November of 2005. V stated that after Christmas of 2005 they began to correspond in a sexual nature and BROHN would ask V if he wanted to do various sexual acts to him and what types of acts he would like to perform on V. He stated that these sexual conversations continued throughout their e-mail contacts. BROHN was 40 years old and V was 15 years old at the time of the interview.

5. V stated that BROHN came to Visalia, California in January of 2006 to visit him. He stated that BROHN picked him up and took him to BROHN's hotel room in Tulare, California. V stated that he and BROHN engaged in sexual acts. He stated they began watching television and then he and BROHN began kissing. He stated they engaged in oral sex, but nothing else. V stated BROHN preformed oral sex on him and he performed oral sex on BROHN. This was the first time V had met BROHN in person.

6. Detective Carr went to the Motel 6 in Tulare California. He checked with the registration desk and located a registration record for BROHN, with a check in date of January 22, 2006 and a check out date of January 23, 2006.

7. Detective Carr located several e-mails to confirm communications between BROHN and V. BROHN had sent V a package in which he had enclosed underwear as well as other items. Detective Carr was able to access BROHN's web page on the Internet site "Hi5.com," and he noted many photographs of what appeared to be young teen boys as his friends. V provided Detective Carr with a photograph of BROHN he had received over the Internet from BROHN. Detective Carr compared the photograph received from V with a photograph he had obtained from the Sex Offender Registry Office in Wisconsin. Detective Carr made a positive identification of BROHN.

8. Detective Carr had obtained information that BROHN had been previously convicted of a sex offense in New Jersey and was required to register as a convicted sex offender. Detective Carr contacted the Madison Wisconsin Sex Offender Registry Office by telephone and they confirmed BROHN had been previously convicted of possession of child pornography in New Jersey, and he had registered as a sex offender in Wisconsin, because he had been living in La Crosse, Wisconsin when he began communicating with V.

9. On June 8, 2006, Detective David Elting, Phoenix Police Department (PPD) assisted Detective Carr by writing and serving a search warrant at 4025 N 40th Street, #23, Phoenix. This was BROHN's last known address as of January 2006. BROHN had been forcibly evicted by the constable in mid - May of 2006. Detective Elting executed the search warrant at the residence and found a computer and several e-mail messages. Detective Elting found an e-mail confirmation from

Motel 6 in Tulare for BROHN's reservation for Friday, January 20, 2006, through Sunday, January 22, 2006.

10. In 2006 the Tulare County District Attorney's Office filed a criminal complaint charging BROHN for violating California Penal Code Section (PC) 288(c)(1),( 2 counts), for committing Lewd and Lascivious Acts with V. BROHN was arrested and on September 11, 2006, he pled guilty in Tulare County Superior Court, Visalia, California, on both counst of violating PC Section 288(c)(1).

11. Wherefore, based upon the above facts and information, I submit there is probable cause to believe that defendant, Jeffery Alan BROHN, has violated 18 U.S.C. § 2422(b), Use of a Facility of Interstate Commerce to Induce A Minor to Engage In Criminal Sexual Activity, defendant herein, from approximately November of 2005, through approximately May of 2006 , in the County of Tulare, State and Eastern District of California, using any facility or means of interstate and foreign commerce, knowingly persuaded, induced, enticed, and coerced an individual, who had not attained the age of 18 years, to engage in sexual activity for which any person could be charged with a criminal offense, and did attempt to do so, that is the defendant did use the Internet and a telephone to attempt to persuade, induce, entice, and coerce an individual whom he believed to be under the age of 18 years old, to engage in sexual activity for which any person could be charged with a criminal offense (specifically, a violation of California Penal Code section 288(c)(1), for committing a lewd act with a minor), all in violation of 18 U.S.C. 2422(b).

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Juan P. Morales
Federal Bureau of Investigation
Cyber Crimes Task Force

Sworn to before me, and subscribed in my presence, This 7th day of August, 2008

United States Magistrate Judge
SM SNYDER