LAWRENCE G. BROWN
Acting United States Attorney
DAVID L. GAPPA
Assistant U.S. Attorney
U.S. Attorney's Office
2500 Tulare Street, Suite 4401
Fresno, California 93721
Telephone: (559) 497-4000

IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR-F-08-00271 AWI |
| | ) | |
| Plaintiff, | ) | MOTION IN LIMINE TO EXCLUDE |
| | ) | EVIDENCE RELATING TO MINOR VICTIM |
| v. | ) | |
| | ) | DATE:  January 20, 2009 |
| | ) | TIME:  9:00 a.m. |
| JEFFREY ALAN BROHN, | ) | PLACE: Courtroom Two |
| | ) | HON:   Anthony W. Ishii |
| | ) | |
| Defendant. | ) | |
| | ) | |

I. <u>INTRODUCTION</u>

The United States of America, by Lawrence G. Brown, Acting United States Attorney for the Eastern District of California, and David L. Gappa, Assistant United States Attorney, respectfully moves the Court for a ruling <u>in</u> <u>limine</u> excluding certain evidence. The government moves to exclude evidence that relates to a minor victim's past sexual behavior or alleged sexual predisposition. The government also moves to exclude any evidence that the minor victim consented to any sexual activity with the defendant.  The evidence is not admissible and should be excluded from the record.

II. <u>STATEMENT OF FACTS</u>

The government is prosecuting the defendant for use of a facility of interstate commerce to induce a minor to engage in criminal sexual activity in violation of 18 U.S.C. § 2422(b) and travel in interstate commerce to engage in illicit sexual activity in violation of 18 U.S.C. § 2423(b). The prosecution is by way of an indictment returned by a grand jury on August 14, 2008.

The indictment alleges that the defendant used facilities of interstate commerce (telephones, computers, and the internet) as well as the United States mail to induce, persuade, entice, and/or coerce a person under age 18 to engage in any sexual activity for which any person could be charged with a criminal offense in violation of 18 U.S.C. § 2422(b). The indictment also alleges that the defendant traveled in interstate commerce for the purpose of engaging in any illicit sexual conduct with another person in violation of 18 U.S.C. § 2423(b). The government anticipates proving that the defendant established a relationship with a minor male, then 15 years of age, who resided within the Eastern District of California. In January of 2006 the defendant traveled to the Eastern District of California, met the minor victim, and engaged in illicit sexual conduct with him.

III. <u>SUMMARY OF ARGUMENT</u>

First, the defendant should be barred from introducing any evidence that the victim "consented" to engaging in any sex acts, because consent is not an element of the offenses charged, is not a legally viable defense, and is therefore irrelevant.

Second, evidence relating to a victims's past sexual history,

behavior, and predisposition should be barred for the following

reasons:

— evidence of sexual behavior by a victim is
explicitly banned by Rule 412(a)(1);[1]

— evidence of sexual behavior by a victim is
irrelevant under Rule 401, because it does not have
a tendency to make the existence of any fact of
consequence more or less probable;

— evidence of sexual behavior of a victim should be
excluded under Rule 403, because it is highly
inflammatory, with no offsetting probative value;
and

— evidence of sexual behavior of a victim is not
relevant to the victim's character for truthfulness
or untruthfulness, and so its admission is banned
by Rule 608(a). And, even if evidence of sexual
behavior of a victim was admissible under Rule
608(a), it cannot be proven by extrinsic evidence,
such as testimony by third parties.

IV. ANY EVIDENCE OF CONSENT SHOULD BE EXCLUDED UNDER FEDERAL
RULES OF EVIDENCE 401 AND 403, BECAUSE CONSENT IS NOT AN
ELEMENT OF THE CHARGED OFFENSES AND IS NOT A PROPER DEFENSE

The defendant should be barred from introducing any evidence

or making any argument regarding the victim's consent to any sex

acts in which he engaged with the defendant. The charged offenses

do not require any proof that the victim did or did not consent to

---

[1] In this Motion, all references to "Rule" or "Rules" are to
the Federal Rules of Evidence unless otherwise noted.

the conduct.  In fact, the government can obtain convictions on both counts without having to prove that any sex occurred.  This is true because the government could obtain a conviction by proving an attempted offense, and also because the statutes do not require proof of any actual sexual activity.  Rather, they focus on persuading, inducing, coercing, and/or enticing someone to engage in illicit sexual activity and traveling to engage in illicit sexual activity.

Rule 401 defines relevant evidence as that which has "any tendency to make the existence of any fact that is of consequence . . . more probable or less probable . . ."  Fed. R. Evid. 401.  Insofar as consent is not an issue in the elements of the charged offenses and is not a legally cognizable defense, evidence of consent should be excluded.  Even if regarded as relevant, such evidence should be excluded under Federal Rule of Evidence 403, because it is highly inflammatory and would only serve to confuse the jury and divert the jury from the real issues in the case.

To admit evidence of consent would constitute a recognition that minors can consent to their own sexual exploitation by others.  This is simply not the law.  *See, e.g.,* Cal. Penal Code, § 261.5 (criminalizing sexual intercourse with a person under 18 years of age regardless of consent).  The Ninth Circuit, and its sister circuits, has consistently excluded evidence, and any defense, regarding a minor victim's intent or consent in connection with sexual exploitation, finding that a minor's intent or consent is neither an element of or defense to these offenses and is therefore not properly before a jury. *See United States v. Rashkovski*, 301 F.3d 1133, 137 (9th Cir. 2002) (in prosecution

4

under 18 U.S.C. § 2422(a), defendant's intent that victims serve as prostitutes was sufficient, regardless of the victim's actual intent); *United States v. Street*, 531 F.3d 703, 708 (8th Cir. 2008)(consent of the minor in the production of child pornography in violation of 18 U.S.C. § 2251 was not a defense and evidence of consent was properly excluded); *United States v. Williams*, 529 F.3d 1, 6 (1st Cir. 2008) (even if a minor had consented to transportation for prostitution, consent would not have been legally valid); *United States v. Benais*, 460 F.3d 1059, 1063 (8th Cir. 2006) (as minors the victims cannot legally consent to the sexual exploitation; discussing 18 U.S.C. § 2243, consent not a defense to the federal statutory rape statute); *United States v. Abad*, 350 F.3d 793, 798 (8th Cir. 2003)("[W]hen sexual assaults are committed upon children ..., consent is not a defense. The reason is that the victims in these cases, because of ignorance or deceit, do not understand what is happening to them. Therefore their 'consent' is of no significance."); *United States v. Lowe*, 145 F.3d 45, 52 (1st Cir. 1998) ("Consent is a defense to kidnapping but not to a Mann Act charge."); *United States v. Jones*, 808 F.2d 561, 565 (7th Cir. 1986)(same); *United States v. Pelton*, 578 F.2d 701, 712(8th Cir. 1978) (consent is not a defense to Transportation of a Minor for purposes of prostitution in violation of 18 U.S.C. § 2421 nor Enticement of a Minor to Travel for purposes of sexual activity, in violation of 18 U.S.C. § 2422); *see also United States v. Raplinger*, No. 05-CR-49-LRR, 2006 WL 3455266 (N.D. Iowa Nov. 29, 2006) ("By definition, the victim in a sexual exploitation of a minor case is a minor. A minor cannot consent to being sexually exploited."); *United States v.*

*Griffith*, No. 99CR786 (HB), 2000 WL 1253265 (S.D.N.Y September 5, 2000) (consent is not relevant to the offense and is not a defense to production of child pornography).  For all these reasons, this Court should bar any evidence relating to consent at any point in the trial.

V.    PAST SEXUAL HISTORY OF THE VICTIM IS INADMISSIBLE UNDER
      <u>FEDERAL RULES OF EVIDENCE 412, 401, 403, AND 608</u>

   A.   **Rule 412(a) Bars Admission of Evidence Concerning the Victim's Sexual History or Past Behavior.**

Rule 412(a) provides that

> The following evidence is not admissible
> in any civil or criminal proceeding
> involving alleged sexual misconduct
> except as provided in subdivisions (b)
> and (c):
>
>> (1) Evidence offered to prove that
>> any alleged victim engaged in other
>> sexual behavior;
>>
>> (2) Evidence offered to prove any
>> alleged victim's sexual
>> predisposition.

Fed. R. Evid. 412(a).  Rule 412 seeks to protect victims against the invasion of privacy, potential embarrassment and sexual stereotyping that is associated with public disclosure of intimate sexual details and the infusion of sexual innuendo into the fact-finding process.  By affording victims protection in most instances, the rule also encourages victims of sexual misconduct to institute and to participate in legal proceedings against alleged offenders.  *See United States v. Torres*, 937 F.2d 1469, 1472-73 (9th Cir. 1991); *United States v. Roman*, 884 F. Supp. 124, 125 (S.D.N.Y. 1995).

The Ninth Circuit and its sister circuits have consistently upheld the exclusion of evidence regarding a victim's past sexual conduct and alleged sexual predisposition. *See*, *e.g.*, *United States v. Torres*, 937 F.2d at 1472-73 (excluding evidence of sexual conduct of the victim that preceded and was subsequent to the charged conduct); *United States v. Dogskin*, 265 F.3d 682 (8th Cir. 2001) (evidence that witness saw victim in bed with man on morning after rape inadmissible under Rule 412); *United States v. Powell*, 226 F.3d 1181 (10th Cir. 2000) (excluding evidence of victim's past sexually suggestive and flirtatious behavior with other men); *United States v. Powers*, 59 F.3d 1460 (4th Cir. 1995) (evidence regarding victim's sexual relations with her boyfriend inadmissible); *United States v. Saunders*, 943 F.2d 388 (4th Cir. 1991) (excluding evidence of victim's sexual relationship with another person); *United States v. Black*, 666 F.2d 43 (4th Cir.1981) (evidence of victim's alleged promiscuity barred by Rule 412). Clearly, no blanket constitutional right to confront a victim with past sexual history exists.

The defendant should not be permitted to question the victim about, nor provide any other evidence of, the victim's sexual behavior and activities, or predisposition. This type of evidence is explicitly precluded, and the defendant should be instructed prior to commencement of the trial that he may not introduce such evidence, whether in opening statement or closing argument or through cross-examination, direct testimony, or documentary evidence. The Ninth Circuit has interpreted the definition of "past sexual behavior" broadly to include "all sexual behavior of the victim . . . which precedes the date of the trial." <u>United</u>

States v. Torres, 937 F.2d 1469, 1472 (9th Cir. 1991) (upholding
the trial court's exclusion of evidence of the minor victim's
sexual behavior involving a peer that occurred approximately six
months after the defendant allegedly sexually abused the victim).
The Torres court noted that this definition was "in accord with
the avowed purposes of the rule," serving to protect victims from
the degrading and embarrassing disclosure of intimate details of
their lives, encourage reporting of sexual assaults, and prevent
wasting time on collateral and irrelevant matters.  Id.

     The Rule allows only admission of such evidence with three
very specific exceptions:

     (b) Exceptions.

     (1) In a criminal case, the following evidence
     is admissible, if otherwise admissible under
     these rules:

          (A) evidence of specific instances of
          sexual behavior by the alleged victim
          offered to prove that a person other than
          the accused was the source of semen,
          injury, or other physical evidence;

          (B) evidence of specific instances of
          sexual behavior by the alleged victim
          with respect to the person accused of the
          sexual misconduct offered by the accused
          to prove consent or by the prosecution;
          and

          (C) evidence the exclusion of which would
          violate the constitutional rights of the
          defendant.

Fed. R. Evid. 412(b).  The first two exceptions are clearly not
relevant to this case.  First, the subsection (b)(1)(A) exception
is not applicable in this case, because the United States has not
charged the defendant with a crime where this type of evidence
will be at issue.

Similarly, subsection (b)(1)(B) does not apply to this case, because, as outlined previously, consent is not an element of the charged offenses and cannot be a theory of defense.  If the defendant did any act violative of 18 U.S.C. §§ 2422(b) or 2423(b), such as trying to persuade, induce, or entice the minor victim into illicit activity or traveling to engage in illicit activity with the minor, the defendant would be guilty without regard to the victim's alleged consent.  Even leaving aside the victim's status as a minor, Rule 412(b)(1)(B) permits only evidence of the defendant's past experiences with a victim when consent is in issue.  "The rule manifests the policy that it is unreasonable for a defendant to base his belief of consent on the victim's past sexual experiences with third persons, since it is intolerable to suggest that because the victim is a prostitute, she automatically is assumed to have consented with anyone at anytime." *United States v. Saunders*, 943 F.2d at 392.  *See also United States v. Ezell,* 24 M.J. 690, 693 (A.C.M.R. 1987) (holding that evidence that rape victim had allegedly worked as prostitute prior to rape was inadmissible under Military Rule of Evidence 412 because the evidence is not constitutionally required).

Finally, subsection (b)(1)(C) is not applicable, because the exclusion of evidence of prior sexual history does not violate the constitutional rights of the defendant.  The Ninth Circuit has held that exclusion of this type of evidence does not violate the Confrontation Clause, U.S. Constitution, Amendment VI.  *United States v. Torres*, 937 F.2d 1469 at 1473 (holding that the confrontation clause was not violated by excluding evidence regarding past sexual behavior of a victim).  In *United States v.*

*Payne*, 944 F.2d 1458, 1469 (9th Cir.1991), the court held:.

> We have found in the past that a trial court's
> limitation of cross-examination on an
> unrelated prior incident, where its purpose is
> to attack the general credibility of the
> witness, does not rise to the level of a
> constitutional violation of the defendant's
> confrontation rights.

*Id.* According to the legislative history, this exception "is

intended to cover those infrequent circumstances where, because of

an unusual chain of circumstances, the general rule of

inadmissibility, if followed, would result in denying the

defendant a constitutional right."  124 Cong. Rec. H11944 (daily

ed. Oct. 10, 1978) (statement of Rep. Pease).  No such evidence

exists in this case.

　　　　Finally, in the event that the defendant attempts to admit

this evidence, he should not be excused from the procedure set

forth in Rule 412(c) which requires 14 days notice, service on all

parties, *service on the victim*, an *in camera* hearing where the

victim is allowed to attend and be heard, and the sealing of the

motion, related papers, and reporter's transcripts and notes.

　　　　B.　　**The Basic Rules of Relevancy Precludes the Admission of
this Evidence**

　　　　Rule 401 defines relevant evidence as "evidence having any

tendency to make the existence of any fact that is of consequence

. . . more probable or less probable . . ."　 Fed. R. Evid. 401.

And, even relevant evidence "may be excluded if its probative

value is substantially outweighed by the danger of unfair

prejudice, confusion of the issues, or misleading the jury . . .

."　Fed. R. Evid. 403.　The evidence that the defendant might seek

to introduce regarding consent of the victim or any alleged sexual

activity with any other individual – which is not relevant to the charges and, if deemed to be relevant, is highly prejudicial – should be excluded under either Rule.

The defendant is charged with Coercion and Enticement of a Minor (and attempt), in violation of Title 18, United States Code, section 2422(b).  The elements of this offense are that:

(1)    The defendant knowingly intended to persuade, induce, or entice a person who defendant believed to be under the age of 18 to engage in a sexual act, or attempted to do this;

(2)    The sexual act is one that could lead to the prosecution of an individual under state or federal law;

(3)    The defendant did something that was a substantial step toward persuading, inducing, or enticing a person under the age of 18 to engage in a sexual act, with the jury all agreeing as to what constituted the substantial step; and

(4)    The defendant used a facility or means of interstate commerce and/or the United States mail.

The defendant is also charged with Travel with Intent to Engage in Illicit Sexual Conduct, in violation of Title 18, United States Code, section 2423(b).  The elements of this offense are that:

(1)    The defendant traveled from one state to another; and

(2)    The defendant did so with the purpose of engaging in illicit sexual conduct with another person.

The victim's sexual history and prior sexual conduct, to the extent that there is any, have no bearing whatsoever on either charge nor could it bear on any meritorious defense the defendant might raise.  This sort of evidence would not have any "tendency to make the existence of any fact that is of consequence . . . more probable or less probable."  Although the United States contends that this evidence would not be relevant, if this Court disagrees and considers the evidence to be offered by the

defendant to be relevant, it should excluded under Federal Rule of Evidence 403.  The sole purpose of introducing this evidence would be to impugn the victim in an effort to impeach his credibility or to impermissibly encourage jury nullification and should be excluded under the balancing test of Rule 403.  It has no probative value and the risk of prejudice or confusion of the issues is extreme.   In *United States v. Davila*, 704 F.2d 749 (5th Cir. 1983), the Fifth Circuit affirmed a district court's exclusion of the two victims' prior sexual activities, including prostitution.  The court stated:  "In our view, whatever probative value lay in the evidence as to possible prostitution was minuscule, and the potential for confusion was substantial.  We think the district court acted properly in excluding this evidence."  *Id.* at 753.

### C.  **Character Evidence Is Limited to Truthfulness or Untruthfulness**

If the defendant were to claim that past sexual activity was admissible character evidence that is to be used to attack the victim's credibility, it is still inadmissible.

Character evidence, including specific instances of conduct as might be at issue here, is controlled by Rule 608. The Rule provides in part:

> The credibility of a witness may be attacked or supported by evidence in the form of opinion or reputation, but subject to these limitations: (1) the evidence may refer only to character for truthfulness or untruthfulness . . .

Nothing about a victim's past sexual conduct is relevant to character for truthfulness or untruthfulness.  Rule 608(a) thus

bans its admission for purposes of attacking the victim's
credibility.

      D.   **Even If it Were Admissible under Rule 608(a), it Cannot Be Proven by Extrinsic Evidence**

     The defendant might seek to elicit this evidence during
cross-examination of the victim or the victim's family or if the
defendant testifies, through statements of the defendant. Rule
608(b) controls the use of specific instances of conduct for
purposes of attacking or supporting a witness' character for
truthfulness. It provides in part

> "Specific instances of conduct of a
> witness . . . may not be proved by
> extrinsic evidence. They may,
> however, in the discretion of the
> court, if probative of truthfulness
> or untruthfulness, be inquired into
> on cross-examination of the witness"

Fed. R. Evid. 608(b). As argued above, past sexual history is not
probative of truthfulness or a lack of truthfulness. But even if
it were, and if, in the discretion of the court, the defendant
were allowed to inquire of the victim, and the victim denied it,
the defendant would be stuck with the answer. Rule 608(b) would
preclude the defendant from seeking this testimony through any
other witness, including the defendant.

VI. <u>CONCLUSION</u>

     There are multiple reasons why this evidence should not be
allowed. It is fundamentally irrelevant, highly inflammatory, and
specifically banned by at least four of the Rules of Evidence,

Rules 412(a), 401, 403, and 608(a).  Accordingly, the government respectfully requests that this motion in limine to exclude evidence related to the minor victim in this case be granted.

DATED: January 9, 2009          Respectfully submitted,

                                LAWRENCE G. BROWN
                                Acting United States Attorney


                           By   /s/ David L. Gappa
                                DAVID L. GAPPA
                                Assistant U.S. Attorney