1  LAWRENCE G. BROWN
   Acting United States Attorney
2  DAVID L. GAPPA
   IAN GARRIQUES
3  Assistant U.S. Attorney
   2500 Tulare Street, Suite 4401
4  Fresno, California 93721
   Telephone: (559) 497-4000
5

6

7

8

9

10              IN THE UNITED STATES DISTRICT COURT FOR THE

11                    EASTERN DISTRICT OF CALIFORNIA

12

13  UNITED STATES OF AMERICA,      )    CR. F. No. 08-00271 OWW
14                                 )    CR. F. No. 09-00025 OWW
                   Plaintiff,      )
15                                 )
       v.                          )    MEMORANDUM OF PLEA AGREEMENT
16                                 )    UNDER RULE 11(c)(1)(C) OF THE
                                   )    FEDERAL RULES OF CRIMINAL
17                                 )    PROCEDURE
   JEFFREY ALAN BROHN,             )
18                                 )    Date: March 27, 2009
                                   )    Time: 2:00 p.m.
19                                 )    Place: Courtroom Three
                                   )    Honorable: Oliver W. Wanger
20                 Defendant.      )
21  _____

22

23       Under Rule 11(c)(1)(C) of the Federal Rules of Criminal

24  Procedure, the United States of America, by and through Lawrence

25  G. Brown, the acting United States Attorney for the Eastern

26  District of California, and Assistant United States Attorneys

27  David L. Gappa and Ian Garriques, has agreed with defendant

28  Jeffrey Alan Brohn, and his attorney, Douglas Beevers, as

    follows:

                                  1

1.   Charges.

The defendant acknowledges that he has been charged in a superseding indictment with Use of a Facility of Interstate Commerce to Induce a Minor to Engage in Criminal Sexual Activity in violation of Title 18, United States Code, Section 2422(b) (Count One).   The defendant also has been charged with Travel in Interstate Commerce to Engage in Illicit Sexual Activity (Count Two).   The defendant will plead guilty to these charges.

The defendant acknowledges that he has been charged in a separate indictment, in case CR-F-09-00025 OWW, with Failure to Register as a Sex Offender, in violation of Title 18, United States Code, Section 2250.   He will plead guilty to this charge.

2.   Nature, Elements and Possible Defenses.

The defendant has read the charges against him contained in the two indictments, and all of the charges have been fully explained to him by his attorney.   Further, the defendant fully understands the nature and elements of the crimes charged in the indictments to which he is pleading guilty, together with the possible defenses thereto, and he has discussed them with his attorney.

The elements of the crime of Use of a Facility of Interstate Commerce to Induce a Minor to Engage in Criminal Sexual Activity, as alleged in Count One of the superseding indictment, are as follows:

> (1)   The defendant used any facility or means of interstate or foreign commerce;

    (2)   To knowingly attempt to persuade,
induce, entice, or coerce;

    (3)   An individual who had not attained the
age of 18 years;

    (4)   To engage in sexual activity for which any person
could be charged with a criminal offense.

The elements of the crime of Travel in Interstate Commerce to Engage in Illicit Sexual Conduct, as alleged in Count Two of the Superseding Indictment, are as follows:

    (1)   The defendant traveled in interstate commerce;

    (2)   For the purpose of engaging in illicit sexual
conduct;

    (3)   With another person.

The elements of the crime of Failure to Register as a Sex Offender, as alleged in the indictment in case CR-F-09-00025 OWW, are as follows:

    (1)   The defendant traveled in interstate or
foreign commerce; and

    (2)   knowingly failed to register or update a
registration as required by the Sex
Offender Registration and Notification
Act.

3.   <u>Agreements by the Defendant</u>.

(a) Defendant agrees that this plea agreement shall be filed with the Court and become a part of the record of the case.

(b) Defendant agrees to enter a plea of guilty to Counts One and Two of the indictment in Case CR-F-08-00271 OWW as well as to the charge in the indictment in case CR-F-09-00025 OWW.

(c)   Defendant understands and agrees that this agreement is under Rule 11(c)(1)(C) of the Federal Rules of Criminal

Procedure, so if the Court accepts the agreement, the sentencing recommendations will be binding upon the Court.  If the Court does not accept the agreement, the parties can reach a different agreement or the parties can proceed to trial on any or all charges.

(d)   Defendant knowingly and voluntarily waives his Constitutional and statutory rights to appeal his plea, conviction, and sentence.  This waiver of appeal includes, but is not limited to, an express waiver of defendant's rights to appeal his plea, conviction, and sentence on any ground, including any appeal right conferred by 18 U.S.C. § 3742.  The defendant further agrees not to contest his plea, conviction, or sentence in any post-conviction proceeding, including but not limited to a proceeding under 28 U.S.C. § 2255.

(e)   The defendant further acknowledges that his pleas of guilty are voluntary and that no force, threats, promises or representations have been made to anybody, nor agreement reached, other than those set forth expressly in this agreement, to induce the defendant to plead guilty.

(f)   The defendant agrees to waive all rights under the "Hyde Amendment," Section 617, P.L. 105-119 (Nov. 26, 1997), to recover attorneys' fees or other litigation expenses in connection with the investigation and prosecution of all charges in the above-captioned matter and of any related allegations (including without limitation any charges to be dismissed pursuant to this Agreement and any charges previously dismissed).

4

The defendant's waivers of appeal and post-conviction attacks on his convictions apply to both case CR-F-08-00271 OWW and CR-09-00025 OWW.

(g) The defendant agrees that the sentencing Court must consult the United States Sentencing Commission's Guidelines when sentencing the defendant in this case, but these sentencing guidelines are advisory and not mandatory.

(h) If any of the defendant's convictions on the counts to which he is pleading guilty are ever vacated at the defendant's request, or his sentence is ever reduced at his request, the government shall have the right (1) to prosecute the defendant on any of the counts to which he pleaded guilty; (2) to reinstate any counts that may be dismissed under this agreement; and (3) to file any new charges that would otherwise be barred by this agreement for reasons such as a statute of limitations. The decision to pursue any or all of these options is solely in the discretion of the United States Attorney's Office. By signing this agreement, the defendant agrees to waive any objections, motions, and defenses he might have to the government's decision, including Double Jeopardy. In particular, he agrees not to raise any objections based on the passage of time with respect to any future prosecution including, but not limited to, any statutes of limitation or any objections based on the Speedy Trial Act or the Speedy Trial Clause of the Sixth Amendment.

(i) The defendant agrees to accept a term of imprisonment of eight years (96 months) and concedes that this will be one

5

component of an overall "reasonable sentence."   Other than as
outlined in paragraph (k), he will not in any way seek a prison
term of less than 96 months, directly or indirectly, including by
way of reference to sentencing factors under 18 U.S.C. § 3553(a).

(j) The parties agree that if the defendant can satisfy the
terms of U.S.S.G. § 5K2.23, for having served a custodial
sentence in Tulare County, California, case number VCF166559, he
can receive credit (day for day) for time actually served.

(k) The defendant will withdraw his pending motion to
dismiss the indictment in case CR-F-09-00025 OWW.

4.   <u>Agreements by the Government</u>.

(a)   The government will recommend a two-level reduction in
offense level for the charges in the indictment in case CR-F-08-
00271 OWW if the defendant clearly demonstrates acceptance of
responsibility for his conduct as defined in Section 3E1.1 of the
United States Sentencing Commission Guidelines Manual. The
government will recommend a three-level reduction in the
computation of the defendant's offense level for the charge in
case CR-F-09-00025 OWW, if the defendant clearly demonstrates
acceptance of responsibility for his conduct as defined in
Section 3E1.1 of the United States Sentencing Commission
Guidelines Manual.

(b)   The government agrees to recommend that the defendant
be sentenced to a term of imprisonment of eight years (96
months).

(c) If requested, the government will bring this plea agreement to the attention of any other prosecuting authorities that might prosecute the defendant for any offenses that are addressed in this prosecution (including potential "other acts" evidence) and plea agreement and will not recommend his prosecution for any conduct or offense involving the sexual exploitation of minors that is specifically addressed in this plea agreement.

6.    Factual Basis.

Defendant will plead guilty because he is in fact guilty of the crimes set forth in the indictments.   Defendant also agrees that the following are the facts of this case, although he acknowledges that, as to other facts, the parties may disagree:

Beginning in approximately October 2005 and continuing through approximately June 2006 in the Eastern District of California, the Western District of Wisconsin, the District of Arizona and elsewhere the defendant knowingly attempted to persuade, induce, or entice, an individual, who had not attained the age of 18 years, to engage in sexual activity for which any person could be charged with a criminal offense.   Specifically, the defendant engaged in multiple communications by telephone (by voice and by text messaging) and internet-based electronic mail, with an individual who was less than eighteen years of age for the purpose of meeting the minor to engage in any sexual activity for which any person could be charged with a criminal offense, or the defendant did attempt to do so.

The defendant also traveled in interstate commerce (from Wisconsin to Visalia, California) in January 2006 with the intent of engaging in any illicit sexual conduct with another person (whom he believed to be age 15).

The defendant was obligated to register as a sex offender in the states of California and Michigan as a result of his

7

conviction in 1997 in New Jersey related to Endangering the Welfare of Children by Possession of Child Pornography.  He resided in California and Michigan after having traveled in interstate commerce after June of 2007.  The defendant failed to register as a sex offender in Michigan and California as he was required by the Sex Offender Registration and Notification Act to do.

7.   <u>Potential Sentence</u>.

Defendant understands that because the counts to which he is pleading guilty occurred after November 1, 1987, the Court will be required to consult the Sentencing Guidelines adopted by the United States Sentencing Commission.  Further, he understands that the Court may choose a sentence above or below the applicable guideline range depending on the aggravating or mitigating facts of the defendant's case, but the Court will not be able to impose a sentence below the statutory minimum term of ten (10) years imprisonment for Count One of the information. The following are the potential penalties that the defendant faces:

**18 U.S.C. § 2422(b) - Use of a Facility of Interstate Commerce to Induce a Minor to Engage in Criminal Sexual Activity:**

(a). Imprisonment.

Maximum: Thirty (30) years.
Minimum: Five (5) years.

(b). Fine.

Maximum: Two Hundred Fifty Thousand Dollars ($250,000).

(c). Both such fine and imprisonment.

(d). Term of Supervised Release.

> Maximum: Lifetime

> (Should the defendant violate any of the terms of his supervised release, he can be returned to prison for the remaining period of supervised release actually imposed by the court, or five years whichever is less.)

(e). Penalty Assessment:

> Mandatory: One Hundred Dollars ($100).

**18 U.S.C. § 2423(b) - Travel with Intent to Engage in Illicit Sexual Conduct:**

(a). Imprisonment.

> Maximum: Thirty (30) years.

(b). Fine.

> Maximum: Two Hundred Fifty Thousand Dollars ($250,000).

(c). Both such fine and imprisonment.

(d). Term of Supervised Release.

> Maximum: Lifetime

> (Should the defendant violate any of the terms of his supervised release, he can be returned to prison for the remaining period of supervised release actually imposed by the court, or five years whichever is less.)

(e). Penalty Assessment:

> Mandatory: One Hundred Dollars ($100).

**18 U.S.C. § 2250(a) - Failure to Register as a Sex Offender**

(a) Imprisonment: ten (10) years / $250,000 fine / maximum 3 years supervised release / $100

8.   <u>Waiver of Rights</u>.

Defendant understands that by pleading guilty he surrenders certain rights, including the following:

(a)   If defendant persisted in a plea of not guilty to the charges against him, he would have the right to a public and speedy trial.  The trial could be either a jury trial or a trial by a judge sitting without a jury.  Defendant has a right to a jury trial.  But in order that the trial be conducted by a judge sitting without a jury, defendant, the government and the judge all must agree that the trial be conducted by the judge without a jury.

(b)   If the trial were a jury trial, the jury would be composed of twelve lay persons selected at random.  Defendant and his attorney would have a say in who the jurors would be by removing prospective jurors for cause where actual bias or other disqualification is shown, or without cause by exercising peremptory challenges.  The jury would have to agree unanimously before it could return a verdict of either guilty or not guilty. The jury would be instructed that defendant is presumed innocent and that it could not convict him unless, after hearing all the evidence, it was persuaded of his guilt beyond a reasonable doubt.

(c)   If the trial were held before a judge without a jury, the judge would find the facts and determine, after hearing all the evidence, whether or not he was persuaded of the defendant's guilt beyond a reasonable doubt.

(d)   At a trial, whether by a jury or a judge, the government would be required to present its witnesses and other evidence against defendant.   Defendant would be able to confront those government witnesses and his attorney would be able to cross-examine them.   In turn, defendant could present witnesses and other evidence on his own behalf.   If the witnesses for defendant would not appear voluntarily, he could require their attendance through the subpoena power of the Court. At trial, the defendant would also have the right to assistance of legal counsel.   If he could not afford legal counsel, one would be appointed for him by the court at no expense to him.

(e)   At a trial, defendant would have a privilege against self-incrimination so that he could decline to testify, and no inference of guilt could be drawn from this refusal to testify.

Defendant understands that by pleading guilty he is waiving all of the rights set forth above and defendant's attorney has explained those rights to him and the consequences of his waiver of those rights.

9.   Questions by Court.

Defendant understands that if the Court questions him under

11

oath, on the record and in the presence of counsel, about the
offenses to which he is pleading guilty, his answers, if false,
may later be used against him in a separate prosecution for
perjury.

    10.  Entire Agreement.

    These pleas of guilty are freely and voluntarily made and
not the result of force or threats or of promises apart from
those set forth in this plea agreement.  There have been no
representations or promises from anyone as to what sentence this
Court will impose.

    11.  Court not a Party.

    It is understood by the parties that the sentencing Court is
neither a party to nor bound by this agreement and the sentencing
judge is free to impose the maximum penalties as set forth in
paragraph 6.  Further, in making its sentencing decision, the
Court may take into consideration any and all facts and
circumstances concerning the criminal activities of the
defendant, including activities which may not have been charged
in the indictment.

    12.  Presentence Report.

    Defendant understands that the United States Probation
Office is not a party to this agreement and will conduct an
independent investigation of the defendant's activities and his

background.  It will then prepare a presentence report which it will submit to the Court as its independent sentencing recommendation.  In addition, the government will fully apprise the Probation Office, as well as the Court, of the full and true nature, scope and extent of the defendant's criminal activities, including information on his background and criminal history.

LAWRENCE G. BROWN
Acting United States Attorney

DATED:  3/27/09                    By

DAVID L. GAPPA
Assistant U.S. Attorney

DATED:  3/27/09

IAN GARRIQUES
Assistant U.S. Attorney

DATED:  3/27/09

JEFFREY ALAN BROHN
Defendant

DATED:  3/27/09

DOUGLAS BEEVERS
Attorney for Defendant

13