LAWRENCE G. BROWN
Acting United States Attorney
DAVID L. GAPPA
IAN L. GARRIQUES
Assistant U.S. Attorneys
2500 Tulare St., Ste. 4401
Fresno, California 93721
Telephone: (559) 497-4000

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br> v.<br><br>JEFFREY ALAN BROHN,<br><br>    Defendant. | CR-F-08-00271 OWW<br><br>ORDER RE PRETRIAL AND IN LIMINE MOTIONS |

   The Court heard and considered the parties' in limine and pretrial motions in this case on March 23, 2009. Plaintiff United States of America (the government) was represented by David Gappa and Ian Garriques. Defendant Jeffrey Alan Brohn (the defendant) was represented by Douglas Beevers. After granting the parties a full opportunity to be heard, the Court made the following rulings which are hereby incorporated into the record with the following orders:

   1. <u>Government's Motion to postpone trial date (C.R. 53)</u>. The government withdrew the motion based upon the defendant's oral request to proceed on the current trial schedule, despite being advised that he would receive the results of the forensic examination of computers possibly only days before the trial is scheduled to

1

start. NO RULING is made due to the withdrawal of the motion.

2. <u>Government's Motion in Limine to exclude evidence subject to reciprocal discovery (C.R. 28, 30)</u>. GRANTED. In response to the government's motion, the defendant provided the government with a Visalia Fire Department report regarding the victim's residence. The defendant agreed to provide print-outs from the victim's MySpace page but stated he has no intent to use them at trial. The defendant has ordered Arizona motor vehicle records related to other possible occupants of the apartment at which the defendant resided, but he has not yet received them.

The government's motion is GRANTED, and defendant shall apply to the Court for permission to introduce any evidence not previously provided in discovery. It is ORDERED that neither party shall introduce evidence at trial unless the evidence was immediately turned over to the opposing party upon its receipt. The parties SHALL exchange any <u>Jencks</u> Act statements by the end of March 26, 2009. The parties SHALL provide each other notice of intent to rely on any other potentially late-surfacing evidence immediately after obtaining or discovering such evidence.

3. <u>Government's Motion in Limine to exclude evidence relating to possible punishment (C.R. 31)</u>. GRANTED. Defendant stated that he had no objection to the preclusion of any reference to his potential sentence or punishment at trial. The motion is therefore GRANTED.

4. <u>Government's Motion in Limine to exclude evidence relating to minor victim (C.R. 32)</u>. GRANTED. Defendant stated that he has no intention of going into the victim's sexual history at trial unless testimony proffered by the government misidentifies the defendant as the perpetrator of certain acts. The defendant stated that he has no

intention of going into the victim's sexual orientation at trial. The motion is therefore GRANTED.

    5. <u>Government's Motion in Limine requesting protective order for minor victim (C.R. 54)</u>. GRANTED. The motion is GRANTED, but this issue may be revisited if the defendant provides authority showing that the confidentiality protections afforded minor victims no longer apply upon reaching the age of eighteen. Until then, the confidentiality provisions of 18 U.S.C. 3509(d) SHALL APPLY, including only using the victim's initials or first name in any filings and proceedings in this case.

    6. <u>Government's Motion in limine to introduce evidence under FRE 404(b) and/or 609(a) (C.R. 33, 45); Defendant's Motion in Limine to exclude evidence FRE 404(b) and/or 609(a)(CR 29, 52)</u>:

        A. <u>1997 New Jersey Child Pornography Conviction (CR 29, 33)</u>. GRANTED. The government may introduce defendant's 1997 conviction to show his intent, knowledge, and absence of mistake with respect to the instant offense under Rule 404(b). The conviction shall not be admissible under FRE 609. An appropriate limiting instruction SHALL be given.

        B. <u>2008 Michigan Failure to Register Conviction (CR 29)</u>. The government may introduce defendant's 2008 failure to register conviction for impeachment purposes if the defendant testifies. An appropriate limiting instruction SHALL be given.

        C. <u>2004 Wisconsin Failure to Register Conviction (CR 52)</u>. If the government introduces the defendant's 2008 failure to register conviction as set forth in paragraph B above, his 2004 Wisconsin failure to register conviction SHALL NOT be introduced. If, however, the government cannot or does not introduce the 2008 conviction, the

government may introduce the 2004 conviction. An appropriate limiting instruction SHALL be given if introduced.

     D. <u>2007 Lewd & Lascivious Acts Conviction (CR 29)</u>. The Defendant's Motion in limine to exclude the 2007 lewd & lascivious acts conviction is DENIED. The government may introduce evidence of defendant's 2007 lewd and lascivious acts conviction with the victim to show defendant's intent and absence of mistake with respect to the charged offenses under Rule 404(b). The evidence SHALL be limited to a statement that the defendant admitted in August 2006 that in January 2006 he engaged in lewd and lascivious acts with a 15 year-old minor. The statement or testimony SHALL NOT refer to the fact that defendant was convicted under state law for those acts or that the statement was made in the course of a judicial proceeding. The Government shall not argue for use of this conviction for collateral estoppel. An appropriate limiting instruction SHALL be given.

     E. <u>Defendant's Motion to Preclude Prior Bad Checks Conviction (C.R. 52)</u>. RULING RESERVED. The Court RESERVES RULING on the admissibility of this conviction for impeachment purposes pending further briefing and argument by the parties which is scheduled for March 30, 2009.

     F. <u>2008 Magic Tricks Evidence</u> (CR 29, CR 45). Government's Motion DENIED; Defendant's Motion to exclude GRANTED. Pending further order of the Court, the government SHALL NOT introduce evidence of defendant's performance of magic tricks for children in 2008 while not registered as a sex offender.

     G. <u>Arizona and California Computers</u>. RULING RESERVED. Pending further foundational development, the Court RESERVES RULING on the government's request to introduce evidence pertaining to

4

defendant found on an Arizona desktop and a California laptop for the purposes of showing his intent, motive, and lack of mistake with regard to the charged offenses under Rule 404(b). Such foundation SHALL provide sufficient "external" and "internal" indicia connecting the defendant to the proposed evidence. Such foundation may be laid by the government at the next court hearing on March 30, 2009. At that time, the Court will determine whether, to what extent, and from which computer(s), such evidence shall be admitted.

H. Defendant's Motion to Exclude 1989 Mishandling Funds Conviction (CR 52). The government having no objection, the motion is GRANTED.

I. Defendant's Sealed FRE 412 Motion. DENIED. The Court clarified that the defendant's sexual orientation is not and should not be considered misconduct for FRE 412.

IT IS SO ORDERED.

Dated:   March 27, 2009                    /s/ Oliver W. Wanger
                                           UNITED STATES DISTRICT JUDGE