UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

HON. OLIVER W. WANGER, JUDGE

UNITED STATES OF AMERICA,      )
                               )
            Plaintiff,         )     No. 08-CR-271-OWW
                               )
vs.                            )     CHANGE OF PLEA
                               )
JEFFREY ALAN BROHN,            )
                               )
            Defendant.         )
_____)

Fresno, California                Friday, March 27, 2009


REPORTER'S TRANSCRIPT OF PROCEEDINGS


KAREN LOPEZ, RMR -CRR
Official Court Reporter
CSR No. 5816

APPEARANCES OF COUNSEL:

For the Plaintiff:          United States Attorney's Office
                            BY: DAVID GAPPA
                            2500 Tulare Street
                            Suite 4401
                            Fresno, California 93721


For the Defendant:          Federal Defender's Office
                            BY: DOUG BEEVERS
                            2300 Tulare Street
                            Suite 330
                            Fresno, California 93721

1    Friday, March 27, 2009                    Fresno, California

2    2:02 p.m.

3            THE CLERK:   Court calls item number four.   Case

4    number 08-CR-271.   United States versus Jeffrey Alan Brohn.

5    Change of plea.

6            MR. BEEVERS:   Doug Beevers on behalf of Mr. Brohn.

7            MR. GAPPA:   Good afternoon, Your Honor.   David Gappa

8    and Ian Garriques for the United States.

9            MR. BEEVERS:   Your Honor, we're just about ready on

10   the plea.   We had a question on whether a provision was

11   correct.   If we could just have a moment on that.

12           THE COURT:   Yes, you may.

13           (Off the record.)

14           THE CLERK:   The Court calls item number four.   Case

15   number 08-CR-271 and 09-CR-25.   The United States versus

16   Jeffrey Alan Brohn, change of plea.

17           THE COURT:   All right.   Will the parties enter their

18   appearances, please.

19           MR. BEEVERS:   Doug Beevers on behalf of Jeffrey

20   Brohn, who is present in custody.

21           MR. GAPPA:   David Gappa and Ian Garriques for the

22   United States.

23           THE COURT:   I have a plea agreement.   Are the parties

24   ready to proceed?

25           MR. BEEVERS:   Yes, Your Honor.

1        MR. GAPPA:  Yes, Your Honor.

2        THE COURT:  Mr. Brohn, I'm going to have to ask you a

3 series of questions.  You need to be under oath.

4        (Defendant sworn.)

5        THE COURT:  Do you understand, now that you're under

6 oath --

7        THE DEFENDANT:  I do, Your Honor.

8        THE COURT:  -- if you answer any question I ask with

9 a false answer, that could subject you to a separate

10 prosecution for perjury?

11        THE DEFENDANT:  I understand.

12        THE COURT:  Would you state your true name, please?

13        THE DEFENDANT:  Jeffrey Alan Brohn.

14        THE COURT:  Your age?

15        THE DEFENDANT:  43 years old.

16        THE COURT:  How much education have you completed?

17        THE DEFENDANT:  Up to junior year of college.

18        THE COURT:  Have you ever been treated for mental

19 illness?

20        THE DEFENDANT:  I was evaluated once in a case in

21 Michigan in 1989 by a Dr. Summershield.  But no

22 evaluation -- no -- nothing beyond that.

23        THE COURT:  All right.  No finding of any mental --

24        THE DEFENDANT:  No.

25        THE COURT:  -- disease or defect?

1          THE DEFENDANT:   No.

2          THE COURT:   All right.   Have you ever been treated

3      for addiction to narcotic drugs?

4          THE DEFENDANT:   No.

5          THE COURT:   Today have you consumed any medicine,

6      drug or alcohol?

7          THE DEFENDANT:   20 milligrams of Paxil this morning.

8          THE COURT:   Does that medicine have any effect on

9      your thinking?

10          THE DEFENDANT:   No, it does not.

11          THE COURT:   Have you been able to understand the

12      advice and counsel of your attorney throughout this case?

13          THE DEFENDANT:   I have, Your Honor.

14          THE COURT:   And have you been able to communicate

15      with him to your satisfaction in the formulation and execution

16      of the plea agreement that we now have?

17          THE DEFENDANT:   I have, Your Honor.

18          THE COURT:   Are you satisfied with the legal advice,

19      counsel and representation Mr. Beevers has provided you in

20      this case as your attorney?

21          THE DEFENDANT:   Yes, I am.

22          THE COURT:   Please look at page number 13, line 14.

23      Do you recognize that signature?

24          MR. BEEVERS:   You have the only copy.

25          THE DEFENDANT:   That's my signature, Your Honor.

1     THE COURT:   Thank you.   Before you signed this

2  agreement, did you read through it?

3     THE DEFENDANT:   I did, Your Honor.

4     THE COURT:   Did you have a chance to fully discuss it

5  with Mr. Beevers, your attorney?

6     THE DEFENDANT:   I did, Your Honor.

7     THE COURT:   Are you satisfied that when you completed

8  that process, that you understood the agreement before you

9  signed it?

10     THE DEFENDANT:   Yes, I did.

11     THE COURT:   I'm going to go through the agreement

12  with you now provision by provision to make sure that you do

13  understand it and that you intend to perform it.

14     It is first provided that the plea agreement, which

15  is in writing, should be filed with the Court and will become

16  a part of the permanent record in your case.   Do you agree?

17     THE DEFENDANT:   Yes.

18     THE COURT:   You've agreed to enter a guilty plea to

19  Counts One and Two of the indictment in case F-08-271 and to a

20  charge in the indictment in case CR F-09-0025.   Do you agree?

21     THE DEFENDANT:   I agree.

22     THE COURT:   You have been advised, I want to confirm

23  that you understand, that the agreement that is made under the

24  Federal Rules of Criminal Procedure is such that once the

25  Court accepts the agreement, the sentencing recommendations

1   will be binding on the Court.  If the Court does not accept

2   the agreement, then you would be in the position where you

3   could negotiate a different agreement that would be acceptable

4   to the Court or you'll have the right to proceed to trial on

5   any and all of the charges.  You won't be bound to proceed

6   with this agreement.  Do you understand all that?

7            THE DEFENDANT:  I understand that, Your Honor.

8            THE COURT:  And do you agree?

9            THE DEFENDANT:  And I agree.

10            THE COURT:  You are, with knowledge, voluntarily

11   giving up, as part of the plea agreement, any rights under the

12   constitution or the law to seek review of your case in a

13   higher court by direct appeal from this Court to a higher

14   court or by collateral attack, by filing another case in this

15   Court or another court after you're convicted, seeking review.

16   Essentially you are giving up all rights, including the right

17   to review on habeas corpus your plea, conviction and your

18   sentence.  Do you understand?

19            THE DEFENDANT:  I understand.

20            THE COURT:  Do you agree?

21            THE DEFENDANT:  I agree.

22            THE COURT:  You are giving up rights under the Hyde

23   Amendment to recover attorneys fees or other litigation

24   expenses incurred in the investigation and prosecution of the

25   case against you.  And that will include any dismissed

1  charges.  Do you agree?

2         THE DEFENDANT:  I agree.

3         THE COURT:  The waivers of appeal and your giving up

4  of collateral or post conviction attack as well as your

5  waivers of right to recover under the hide amendment extend to

6  both cases, the 271 case and the 09-25 case.  Understood?

7         THE DEFENDANT:  Understood.

8         THE COURT:  And agreed?

9         THE DEFENDANT:  And agreed.

10         THE COURT:  Thank you.  You also have been advised

11  that the Court must, for sentencing purposes, consult the

12  United States Sentencing Guidelines, which are advisory.  The

13  Court must calculate them and apply them as one sentencing

14  factor, but not the exclusive sentencing factor.  You

15  understand all that?

16         THE DEFENDANT:  I understand and agree.

17         THE COURT:  If any of your convictions on the counts

18  to which you are pleading guilty are ever vacated because you

19  breach the agreement by having it set aside or vacated,

20  then -- or if your sentence is reduced in any way, the

21  government shall have the right in its sole discretion to

22  prosecute you on any of the counts to which you plead guilty,

23  to reinstate any dismissed counts, to file any new charges

24  that would otherwise be barred by this agreement.  And that

25  decision, as I've said, is in the sole discretion of the US

1  attorney's office.

2      And by signing this agreement, you are giving up

3  objections, the right to keep out of evidence or otherwise

4  assert the invalidity of any statements that you've made and

5  evidentiary leads from those statements, you won't object on

6  the grounds of former jeopardy, you won't rely on the passage

7  of time, statute of limitations, Speedy Trial Act of the

8  Speedy Trial Clause of the Sixth Amendment to try to argue

9  that any claims or charges that may be pursued against you if

10  you breach the agreement are time barred.  Do you understand

11  all that?

12      THE DEFENDANT:  I understand.

13      THE COURT:  And do you agree?

14      THE DEFENDANT:  And I agree.

15      THE COURT:  The bargain in this case provides that

16  you are to accept a term of imprisonment of eight years, 96

17  months.  And that this will be one component of an overall

18  reasonable sentence.  And other than as outlined in the

19  subparagraph, which we're about to go through, which means

20  that you will withdraw your pending motion to dismiss the

21  indictment in case 09-00025.  That you will not in any way

22  seek a prison term of less than 96 months directly or

23  indirectly, including by asserting a right under the 3553

24  factors of Title 18.  Do you understand?

25      THE DEFENDANT:  Yes, Your Honor, I do understand and

1  agree.

2  THE COURT:  Thank you.  It is agreed that you can

3  satisfy, if you can, the terms of Sentencing Guideline 5K2.23

4  for having served a custodial sentence in Tulare County in

5  California in case number BCF166559.  The sentence in that

6  Tulare County case in BCF166569, you can receive day for day

7  credit for time actually served if it is in effect time for

8  the same or substantially similar conduct that gives rise to

9  the charge in this case.  Do you agree with that?

10  THE DEFENDANT:  I understand.  You did mention that

11  it was 166569 or 559?

12  THE COURT:  166559.

13  THE DEFENDANT:  That's the correct case number.  I

14  thought the Court said 569.

15  MR. BEEVERS:  Your Honor, it's our understanding that

16  it's somewhere between six months to eight months based on

17  what we suspect it to be.

18  THE COURT:  Would be credited?

19  MR. BEEVERS:  Would be credited.  Our understanding

20  is it would have to come out of the 96 months, leaving a

21  judgment that way because BOP wouldn't do it.

22  THE COURT:  All right.  Well, what I am

23  understanding, then, is there a period of incarceration that

24  is not countable that started earlier or is all the conduct

25  for which the incarceration in Kings County -- Tulare County

1   was being served, is it the same or substantial similar

2   conduct?

3          MR. GAPPA:  Your Honor, on that, it's the -- I don't

4   know if the Court would recall, but there was the 288 --

5          THE COURT:  Yes.

6          MR. GAPPA:  -- offense.  And that was the actual lewd

7   conduct.  And this prosecution involves the communications

8   that led to that conduct.

9          THE COURT:  Right.

10         MR. GAPPA:  So there is an argument that's left open

11  for the defendant to fit within the parameters, but that is

12  the specific conduct that's at issue.

13         THE COURT:  All right.  Thank you very much.  Do you

14  agree, Mr. Brohn?

15         THE DEFENDANT:  I agree.

16         THE COURT:  Now, that's everything you've agreed to

17  that's in writing.

18         Now we'll go to what the government's agreed.  It

19  will recommend, depending upon your offense level, a three

20  level reduction if you fully accept responsibility and your

21  criminal history points -- I should say your guideline range

22  is 16 levels or more.

23         If you fully accept responsibility.  The government

24  agrees to recommend that you be sentenced to a term of

25  imprisonment of nine years or 96 months.

1    If requested, the government will bring this plea
2 agreement to the attention of any other prosecuting
3 authorities who might prosecute you for any offenses that are
4 addressed in this prosecution, including potential other acts
5 evidence and plea agreements, and will not recommend that
6 you're prosecuted for any conduct or offenses involving the
7 sexual exploitation of minors, specifically addressed in this
8 plea agreement.  Do you understand that?
9         THE DEFENDANT:  I understand.
10        THE COURT:  And do you agree?
11        THE DEFENDANT:  And I agree.
12        THE COURT:  Now, that's everything that's been agreed
13 to in writing on your side and the government's side.  Do you
14 have any different understanding?  Has anybody promised you or
15 do you expect to get anything that is not written down in the
16 agreement?
17        THE DEFENDANT:  No, I do not, Your Honor.
18        THE COURT:  Has anybody pressured you or threatened
19 you to force you to enter this agreement against your will?
20        THE DEFENDANT:  No.  They have not.
21        THE COURT:  Will you enter the agreement voluntarily
22 because the elements of the crimes can be proved beyond a
23 reasonable doubt against you?
24        THE DEFENDANT:  Yes.
25        THE COURT:  Thank you.  I must advise you of the

maximum punishment. For the 22 -- I'm sorry, the 2422(b)
offense, use of a facility of interstate commerce to induce a
minor to engage in criminal sexual activity, the maximum term
of imprisonment is 30 years. Minimum term of five years.
Maximum fine of $250,000. Both fine and imprisonment could be
imposed.

Term of supervised release, a lifetime
minimum -- that's the maximum life. A minimum of five years.
If you were to violate the terms of supervised release, you
could be returned to custody for the period of supervised
release actually imposed by the Court or five years, whichever
is less. A $100 mandatory penalty assessment at the time of
sentencing.

Punishment for the 2423(b) charge, travel with intent
to engage in elicit sexual conduct, is a maximum punishment of
30 years in prison, $250,000 fine. Both fine and imprisonment
could be imposed. Supervised release term of lifetime with a
mandatory minimum of eight years. Should you be -- or should
you violate any of the terms of your supervised release, you
could be returned to prison for the remaining period of
supervised release imposed by the Court or five years,
whichever is less. Also payment of mandatory penalty
assessment of $100.

On the failure to register as a sex offender charge,
2250(a), it must be proved beyond a reasonable doubt first

1  that you traveled in interstate or foreign commerce and,

2  second, that you knowingly failed to register or update a

3  registration as required by the Sex Offender Registration

4  Notification Act.

5      Do you understand that the maximum punishment for

6  that offense is ten years in prison, $250,000 fine, both fine

7  and imprisonment could be imposed.  Three year supervised

8  release term, meaning that if you were released and you

9  violated your supervised release, you could be returned to

10  custody for up to two years or the actual term imposed,

11  whichever is less.  Also a $100 mandatory penalty assessment

12  at the time of sentencing.  Do you understand all the maximum

13  punishment you face?

14      THE DEFENDANT:  I do, Your Honor.

15      THE COURT:  Now I must advise you of the elements of

16  the crime.  Before you could be convicted of this crime, the

17  government would have to prove true beyond a reasonable doubt

18  each of the following elements:

19      First, for the crime of use of a facility of

20  interstate commerce to induce a minor to engage in criminal

21  sexual activity, that you used any facility or means of

22  interstate or foreign commerce; second, that knowingly

23  attempted to persuade, induce, entice or coerce; third, an

24  individual who had not yet attained the age of 18 years; and

25  fourth, to engage in sexual activity for which any person

could be charged with criminal offense.

Do you understand each of those elements?

THE DEFENDANT:  I do, Your Honor.

THE COURT:  For the crime of travel to interstate commerce to engage in elicit sexual conduct, Count Two.  The elements which would have to be proved beyond a reasonable doubt are:  First, that you traveled in interstate commerce; second, for the purpose of engaging in elicit sexual conduct; and, third, with another person.

The failure to register as a sex offender, the 09 case count, requires the following elements to be proved beyond a reasonable doubt.  First, that you traveled in interstate or foreign commerce; and second, that you knowingly failed to register or update a registration as required by the sex offender registration and notification act.

Do you understand the elements of that crime?

THE DEFENDANT:  I do, Your Honor.

THE COURT:  Now I want to confirm that there are facts, these facts are true, and that they're sufficient to support your plea in this case.

Is it true that beginning in approximately October 2, 2005 and continuing to approximately June of 2006 in the Eastern District of California, the Western District of Wisconsin, the District of Arizona and elsewhere, you knowingly attempted to persuade, induce or entice an

1    individual who had not yet attained the age of 18 years to

2    engage in sexual activity for which any person could be

3    charged with a criminal offense, specifically to engage in

4    multiple communications by telephone, by voice and by text

5    messaging and internet based electronic mail with an

6    individual who was less than 18 years of age for the purpose

7    of meeting the minor to engage in sexual activity for which a

8    person could be charged with a criminal offense or you

9    attempted to do so.  Is that all true?

10          THE DEFENDANT:  That is correct, Your Honor.

11          THE COURT:  Did you also travel in interstate

12    commerce from Phoenix, Arizona to Visalia, California in

13    January of 2006 with the intent of engaging in elicit sexual

14    conduct with another person who you believe to be age 15?  Is

15    that true?

16          MR. BEEVERS:  Your Honor, he entered through Nevada,

17    not Arizona.

18          THE COURT:  Well, if you want to add Nevada from

19    Phoenix, Arizona to Visalia, California.

20          THE DEFENDANT:  I was never in Phoenix before that.

21    So it was -- the whole trip was from Wisconsin to California.

22          THE COURT:  All right.  It was from Wisconsin.  But

23    it was interstate for the purposes described.

24          THE DEFENDANT:  Correct.

25          THE COURT:  All right.  Is all that true?

1        THE DEFENDANT:  That is correct, Your Honor.

2        THE COURT:  And had you previously been obligated to

3  register as a sex offender in the states of California and

4  Michigan as a result of which you -- I'm sorry, of your

5  conviction in 1997 in New Jersey related to endangering the

6  welfare of children by possession of child pornography.  You

7  resided in California and Michigan after having traveled in

8  interstate commerce after June of 2007, you failed to register

9  as a sex offender in Michigan and California as you were

10  required by the Sex Offender Registration and Notification Act

11  to do.  Is all that true?

12        THE DEFENDANT:  That's correct, Your Honor.

13        THE COURT:  Are you satisfied, Mr. Gappa?

14        MR. GAPPA:  Yes, Your Honor.

15        THE COURT:  Now I must advise you of the

16  constitutional and statutory rights you're giving up by not

17  having a jury trial.

18        You have an absolute right to be represented by an

19  attorney in your case.  If you cannot afford an attorney, the

20  Court will appoint one for you at no expense to yourself.

21        Do you understand your right to an attorney?

22        THE DEFENDANT:  I do, Your Honor.

23        THE COURT:  You have a right to a fair public speedy

24  trial by jury.  At the jury trial, you would be represented by

25  your attorney.  You would participate in the selection of the

jury.  You could not be convicted unless and until all twelve

jurors unanimously agreed that every element of any crime

charged against you is proved true beyond a reasonable doubt.

If less than twelve jurors agree, there would be a mistrial,

the case would have to be tried over again.

Do you understand your rights to a fair public and

speedy trial as just explained?

THE DEFENDANT:  I do, Your Honor.

THE COURT:  Are you willing to give them up?

THE DEFENDANT:  I am, Your Honor.

THE COURT:  You have confrontation rights.  These

rights include the right to be present in open court at every

stage of your case, the right to be present at the jury trial,

to face the jury, to challenge the government's evidence which

would consist of the testimony of witnesses under oath and

exhibits received into evidence.  The further right to

question every government witness under oath after the

government's attorney questions, that's called the right of

cross-examination.

You have no duty to present evidence.  You have no

duty to prove anything at the trial.  If, however, you had

witnesses that you wish to call in your defense and those

witnesses were unwilling or unable to attend the trial, at

your request, the Court would issue subpoenas to order your

witnesses to attend the trial.

1    Do you understand your confrontation rights as I've

2 just explained them?

3    THE DEFENDANT:  I do, Your Honor.

4    THE COURT:  Are you willing to give them up?

5    THE DEFENDANT:  I am, Your Honor.

6    THE COURT:  You have a privilege against

7 self-incrimination.  This is the right to remain silent, to

8 not testify, to rely on the presumption of innocence and to

9 have the jury instructed that they could not hold it against

10 you in any way if you exercised your privilege against

11 self-incrimination, nor could they draw any adverse inference

12 against you for exercising that privilege.  Do you understand

13 your privilege against self-incrimination as just explained?

14    THE DEFENDANT:  I do, Your Honor.

15    THE COURT:  Are you willing to give it up?

16    THE DEFENDANT:  I am, Your Honor.

17    THE COURT:  How do you plead to the case number

18 08-00271, Count Number One, which is use of a facility of

19 interstate commerce to induce a minor to engage in criminal

20 sexual activity; Count Number Two of the same case, travel in

21 interstate commerce to engage in elicit sexual conduct; and

22 the charge in case number 09-00025, failure to register as a

23 sex offender.  As to all three charges in the two cases, how

24 do you plead, not guilty or guilty?

25    THE DEFENDANT:  Guilty, Your Honor.

1      THE COURT:   It is the finding of the Court in the

2  case United States versus Jeffrey Alan Brohn that Mr. Brohn is

3  fully capable of entering informed pleas.   His pleas of guilty

4  are knowing, they are voluntary, they are supported by

5  independent facts that establish all essential elements of the

6  offense.   Your pleas of guilty are now accepted and you are

7  adjudged guilty of these three crimes.

8      I now refer your case to the probation officer for

9  report and recommendation as to sentence and order that you

10 return to this Court June 15th, 2009.   Do you prefer the

11 morning or the afternoon, Mr. Beevers?

12     MR. BEEVERS:   Afternoon is usually better.

13     THE COURT:   All right.   At 1:30 p.m. for sentencing.

14 Is there anything further today?

15     MR. GAPPA:   Your Honor, there's just one minor detail

16 in terms of the government's sentencing recommendation.   I

17 think the Court meant to say that we were going to recommend

18 eight years, which is the same as what he's agreed to, 96

19 months.   I think the Court said nine years, but I think it

20 meant eight years.

21     THE COURT:   My intention was eight years or 96

22 months.   That is my understanding of each parties' agreement

23 to, in effect, a stipulated sentence.

24     MR. GAPPA:   Yes.   Thank you.

25     THE COURT:   All right.   That was my intention.

1          MR. GAPPA:  Thank you, Your Honor.

2          THE COURT:  Is there anything further?

3          MR. BEEVERS:  No, Your Honor.

4          THE COURT:  All right.

5          THE DEFENDANT:  Thank you, Your Honor.

6          THE COURT:  You are welcome.  We are in recess.

7          (The proceedings were concluded at 2:32 p.m.)

8

9          I, KAREN L. LOPEZ, Official Reporter, do hereby

10  certify that the foregoing transcript as true and correct.

11

12  DATED:  07/16/2009                /s/  Karen L. Lopez
13                                    KAREN L. LOPEZ, RMR-CRR

14

15

16

17

18

19

20

21

22

23

24

25