9/19/09

The Honorable Oliver W. Wanger
U.S. District Court
Fresno, CA 93721

Your Honor:

After finally receiving the Gov't's opposition (Document 73: 08-271, Document 14: 09-025) and then on Friday afternoon 9/18 finally receiving 661 pages of discovery for the first time (which incidentally is not all of the unsealed attachments to the forensics report dated March 27, 2009, I come to you as I mention in my last letter that I would before our hearing on September 21st, 2009.

I do apologize that this will not reach you until only an hour or so before our hearing. Due to the Gov't's delay in responding and mail delivery at the jail I have tried to go through the 661 new pages, the Gov't response, the Federal Defender's reply, as well as the plea memorandum Document 7: 09-025, the transcripts of the March 23rd in limine hearing & the change of plea hearing on March 27th, 2009, and also the PSIR from May 11th 2009 (as I have not yet seen the May 21st copy mentioned by the AUSA.).

I must also mention that I am not a lawyer as you well know. I am trying to follow along as best I can and assist counsel in my defense. I also being housed by the Fresno County Sheriff's Office in the Fresno County Jail do not have access to any legal materials or case laws, etc. because I do not meet the usage guidelines of being Pro Se in my case or representing myself. I cannot give as much legal backing to my points, except to use other referenced cases, by counsel & the Court in these matters. I beg the courts pardon in reading these feelings, facts, & understandings from a Defendant - who's utmost desire is to see the best interests of justice followed.

I come before you with the utmost respect in a system that I have never been involved in. I understand that this process & these procedures are designed with accuracy in mind. I am not taking any step so far taken lightly, nor do I expect my mis understandings to be construed as a jerk or whim. I will in greater detail explain my response to delay & tactical moves later & also that I state my innocences of the charged crimes.

My three letters & my appearance in court on the 21st (Monday) are all based on trying to withdraw my pleas entered and accepted by the court on March 27th 2009 by Your Honor using Rule 11(d)(2)(B) as the basis for my motion that "the defendant can show a fair and just reason for requesting withdrawl." I believe that my reasons stated so far are "fair and just" and allow His

Honor to grant the motion and set the cases for trial.

I also relay to the court my understanding that my withdrawing my pleas may open me up to further prosecution for purjery. The purjury code as you are aware is a 5yr charge - and I do understand this and strongly believe in my innocence and the best interests of justice that this case should proceed.

Every time I get "new" paperwork regarding discovery, motions, memorandums, oppositions, and replies in this case either further information is recovered or "newly discovered" evidence is finally produced or turned over to the defense.

The issues I would like to and will cover in the following pages are 1) the issue of possible conflict with the Public Federal Defender raised by the Government. then I will address issues in the Plea Memorandum, the Government's opposition, and the Government's misrepresentation of evidence + holding back of requested documentation, and Counsel's reply. To back up my understandings and information I will use the filed documents, transcripts of the hearings on March 23rd, 2009 and March 27th, 2009, the PSI Report, to mention a few.

First lets address the conflict issue. This issue does bleed over into the misrepresentation of information by the Gov't as well. I believe there is a misunderstanding of the total agreement reached. My attorney is aware that except for 1/2 hour on March 27th, 2009 I have maintained my innocence. The Government states numerous times it believes the conflict arises because of my recent statements. First that Mr. Beevers and myself have a conflict because "the nature and extent of communications... prior to entering the plea now at issue." (Document 73, 08-0271, pg.3 @ 3-4) Also stating that my statements show that "current counsel was ineffective by not advising the defendant of the status of negotiations to resolve his case and by not presenting him with discovery before his pleas were entered." (Document 73, 08-0271 pg.3 @ 8-11). In all the government's references to a possible conflict and request for an evidentiary hearing, I believe these are the two constant reasons.

In response to them and my understanding is as follows. My understanding of the agreed upon sentence as I have stated before was a concurrent sentence of the '08 case and the '09 case totaling 96 months approx 60-68 months + then 28-36 months before the USSG §5K2.23 time was deducted. It is very possible that information could have been misinterpreted and misunderstood between myself and Mr. Beevers. I am sure that this was not done to break any rules or be in any way unethical. The government also states, " this is contradicted by the redacted e-mail communications between the defendant's attorney and government counsel." (Document 73, 08-0271, p.10, @ 13-15) Well this is not in anyway what I said in my letters and quoted by the government. I understand and believe that there were settlement negotiations on going over the past 10 months. I said

"that all of the negotiations regarding this plea offer were jammed into 2 hours on March 27th, 2009." (Document 73-2, 08-027, pg. 3 @ last paragraph) I still stand by that statement as factual and true. As a matter of fact as I have also stated previously there were approximately 4 or more offers on March 27th 2009, there were also 2 or more offers between March 22nd & March 24th. I said THIS offer and meant that as the offers on that day [3/27/09] were very different, very confusing, & very rushed as the day was getting long and we were then scheduled for trial in 2 court days.

I mention this plea as I was informed by counsel that once I reject a plea it is gone and therefore referenced the one before us now [Document 7; 09-025]. There is I believe some misunderstandings - whether in communication or transfer from the government, to defense counsel, to defendant. These may be cause in itself for withdrawl of pleas, but I do not for an instant believe that Mr Beevers tried to be unethical or act upon my best interest with malice. I believe that the amount of offers, negotiations, & rushed decisions caused misunderstandings.

If the court does require a hearing on possible conflict I do have questions as to what remains covered by client/attorney privelege & oral communications. What is the process and how do I proceed? Also I ask that it be taken care of as quick as possible as to not add another lengthy delay to the proceedings.

Mr. Beevers has also stated in his [the Defense's] reply that the defendant "Mr. Brohn has advised that he would prefer to waive the conflict" when the trial is rescheduled.

One other issue that may be involved with this possible conflict is items of discovery. The government states they gave information to my counsel and then I never recieved it. So we have what I would call a major communication problem. I also believe that the government actually is at fault in this matter. I have through counsel been requesting forensic information (since January '09). Understanding that the government sent things to Washington, D.C. & the report from D.C. was not written until 3/27/09. The government stated they gave this report to counsel before the hearing that day. I did not receive the basic info until June '09. As a matter of fact I still to this day have not received the full forensics report. I understand somethings (attachments) are sealed but others are not. I did as I said receive 666 pages of the attachments for that report on 9-18-09 (today). This still is not the full report. Is there a way to have the government prove as to where, when, & what was turned over. Even though I have not received all of the D.C. Report I believe what I have not seen & what I just recently recv'd falls under "newly

discovered" evidence. The evidence contains hundreds of references to Howard Mey, Jr and Christopher Sjoerdsma with numerous emails, accounts, passwords, & other pertinent info. I also see some references to Mr. Brohn. But nothing tying Mr. Brohn to the governments stated videos + images.

Another piece of information is that the defendant references a search or looking for information on a Stephen R Meyer. The court will realize the similarity to a party in this case. The defendant would state that this "newly discovered" evidence points to another person attempting to obtain info on the individual.

So I am assuming that the fault lies with the government and not defense counsel. If the court does set the conflict matter for hearing, I ask that it be scheduled immediately and for as soon as possible. Also I ask the court to consider that if the current counsel is relieved does that prejudice the proceedings thus far? I'm not sure what purpose the relief of counsel is serving. Does the plea agreement get vacated if counsel is relieved?

I believe that I am bouncing around a bit but believe everything stated thus far and will come in this letter is pertinent & important for His Honor to know. I apologize for not being as clear & concise as I would like to be.

Continuing on I will discuss the Government misrepresentation of evidence. My letter dated 6-24-09 deals with IP address & yahoo information. The government states in the in limine hearing transcript page 10 at 3-15 that the IP address was to find the apartment, then a search warrant was executed & that there is very clear biographical info. And transcript 3/23/09 hearing pg. 36 at 16-24. The facts are the Search Warrant was executed on 6/9/09 - The Yahoo warrant was signed on 6/21/09 - 12 days later. The IP Addresses were not used in any type of locating and misrepresenting the process only clouds and confuses the issues. Also please see Transcript p. 44 @ 4 to 20.

Next the government states that the defendant was "from the middle of 2005 through the middle of 2006, he was using that computer which was recovered in Arizona to communicate with the victim by email." transcript pg. 42 @ 21-24. This however is misrepresented by the government because the defendant was living in Wisconsin for all of 2005 & until Jan 17th of 2006.

The gov't continues by stating on transcript pg. 45 @ 4 the defendant had an Arizona Driver's License. The Defendant never had a Driver's License from Arizona. He was turned down due to an outstanding fine in Michigan.

The government also states on transcript pg. 48 @ 13 that the "Apartment manager, who was present when the search warrant was executed." According to the

Detective from the Phoenix Police - they had to bypass the lock cause the Manager and the apartment key were unavailable.

In all the above and with further research I believe many more add up to ill-prepared answers and just expecting the Court and Defense to believe the government. This gives creedence to the Governments own statement in the transcript of the March 23rd hearing pg. 53 @ 17-18 "There are multiple convictions so it does get confusing." Confusion all throughout. Seeing that the case covers so much time it also leads to confusion as to timelines + other important information.

I will continue as this information shows that the misrepresentation existed and I won't belabor the points or write a novel.

The government states in their opposition pg. 14 @ 6-8 that "he has not specified what was changed." I will go through the Memorandum with parts changed from the copy signed in Judge Wenger's Courtroom + issues of additional problems.

Starting at Section 3 (c) states under Rule 11 (c)(1)(C) "the sentencing recommendations will be binding upon the Court" (Doc. 7/09-025/p.4 @ 1-2). then in Section 11 it states, "The Sentencing Court is neither a party to nor bound by this agreement." (Doc. 7-09-025-pg.12 @ 16-18) Also Section 11 refrences Section 6 which is the <u>Factual Basis</u> section.

Section 4 (a) brings forth some of the confusion on the "agreed" sentence. The section states a two-level reduction for 08-0271 + a three-level reduction for 09-025. The confusion begins as the defendent believed it was the reverse. 3-levels for 08-0271 + 2-levels for the BOL 12 crime in case 09-025. This also gives creedence to defendants understanding that the cases were separate + would run concurrently. They would also be calculated from different books of USSG.

Section 4 (c) does not state the defendents understanding that the government would not forward the case info and file to any other district. In essence the government would shelve the info. It was communicated to the defendant that the government has contacted another district already regarding possible no-prosecution just before March 27th + again after the change of plea hearing. If this is the case the government would have not followed the defendants understanding of the section.

Section 5 is what I would call a harmless error, but the numbering is omitted, causing other issues with references to other sections. (i.e.) the reference of Section 6 in Section 11).

Section 6 is the section on factual basis. This section has some

changes that were made from the copy the defendant signed to the copy filed. Also this Section (6) - has confusing information. Lines 17-25: I am confused and did not realize this until further review - that the initial indictment mentions June 2005 - June 2006, the superceding indictment states August 2005 - June 2006, & this Memorandum states October '05 - June 2006. Lines 26-28; the 11(c)(1)(C) I signed stated something other than was filed in 09-025 - the 2nd line of this state two places of origin.

The confusion in lines 29 - pg.8 line 5 is that the defendant was not required to register in New Jersey, the state of the conviction. The Plea states not what the Court believes, that either the defendant had to register in California & Michigan or Federally?

Section 7 states that the minimum sentence - Statutory is 10 years. This is incorrect, contradicts all mentions within this memorandum. Again says the Court will not be able to impose a sentence lower than 10 years.

Within section 7 under potential penalties for each charge - data and information was changed and/or adapted post signing + pre-filing. In 18 § 2422(b) subsection (d) stated on the copy the defendant signed 5yrs to Lifetime as to also this is what the Judge stated in the March 27th hearing.

Likewise for 18 USC § 2423(b) - subsection (d) the same thing has been adjusted - the signed copy stated 5yrs to Lifetime supervised release and now does not. My attorney then informed me at the hearing that based on the book there is no minimum, but no adjustments were made & no adjustments were conveyed by His Honor.

Then in 18 USC § 2250(a) - was completely as the defendant recalls all handwritten. This change was made due to the wrong section being typed in the memorandum. Also the court stated that a violation on supervised release can result in up to 2yrs of prison but the printed version states 3yrs. (line 24 pg.13 - pg.14 line 13).

Under Section 9 - the defendant is aware of the potential prosecution (future) for perjury. The defendant has been informed the charge of perjury carries 5yrs imprisonment. The defendant believes that his innocence outweighs a possible 5yr felony perjury charge.

Section 10 calls into question the binding nature of the agreement. pg. 12 line 10-12 states "as to what sentence this court will impose." The preceding statement disagrees with a binding sentence recommendation.

Section 12 discusses the Probation report. This report as listed seems to fit under Intervening Circumstances. This is the actual first time the Defense would see calculations of criminal history + recommendations. Regardless of input + changes until this is compiled the Defense + the Court + the Government do not have the complete picture.

The Signatures are the actual signatures - + not electronic signatures after the changes made by the government before filing. There are no initial to anything by the 4 signators. Bringing into validity the memorandum + agreement itself.

Moving on to the Government's Consolidated Opposition. The defendant concurs with the government and Alber there is no absolute right to withdraw from a guilty plea. The defendant comes before the court with numerous "fair and just" reasons and in the best interests of justice.

The defendant does not come before His Honor on "a lark" - This process which actually began moments after the court recessed on March 27th, 2009. The defendant informed counsel on 3/31/09 that his thoughts were toward withdrawing his pleas due to misunderstandings + the printed copy filed in 09-025 then brought more into to light. The conversations between attorney/client led to waiting for the PSIR + then counsel obtaining some "New Evidence" related to the forensics. Then the Federal Defender filed notice on June 3rd. Then two continuances bring us to His Honor this Monday.

The Defendant also understands that Rule 11 (d) is not automatic + that is why the Defendant through this letter has attempted to be thorough. The Defense understanding the burden being on them believe that the proof is there for "fair and just reasons" to withdraw pleas. in accordance with Rubalcaba & Rios-Ortiz.

The beginning of this letter, the previous two letters, work to show facts based on entering plea through ignorance, fear, and/or inadvertence. Continuing the Gov't quotes and references many times Showalter + the Defendant believes his reason firmly prove + are supported by "plea colloquys, newly discovered evidence, intervening circumstances, and/or any other reason for withdrawing the plea that did not exist when the defendant entered his plea."

The Gov't in it's opposition tended to summarize the reasons of the defendant. So to partially cover the opposition we will use and reference those summarys.

The Gov't stating that the defendant says he negotiated a total

term of "less than" 96 months again is a misrepresentation. The Defendent understood that the total of all 3 charges would add up to 96 before deductions. The defendant also being unfamiliar with Federal Court did not understand the difference in concurrent sentences. (The PSIR made this clearer & falls under intervening circumstances).

Number 2 states that the Gov't disagrees that the defendants history and offense level should be lower than what he agreed to in the written plea agreement. With this there is not in regards to Offense Level, within the plea memorandum. The Defendant also did not see an offense level listed in the agreement or was it mentioned in the Colloquy. This leads to intervening circumstances in receipt of the PSIR.

Paragraph 3 would be better represented as the PSIR brought new issues for the Defendant to consider - it was more a continuation on reconsidering his position. The defendant is also well aware that continuing to proceed will greatly increase the exposure he faces. The defendant continues to believe that his innocence is more important than the possibility of more imprisonment. The defendant mentioned the Supervised Release, because in a discussion during the Presentence interview the no minimum requirement was discussed and that the guideline recommendation was 5 years. This discussion took place with Defense Counsel, Probation Agent, & Defendant present. The defendant then saw the Report with 10 yrs recommended, did not believe it was either "reasonable" or what was expected.

Paragraph 4 refers to the changes made to the memorandum before filing. The government states the defendant didn't mention specifics, however the Defendant strongly believes the Government is aware of what was done and most likely under direction of or personally by the Asst. U.S. Attorney.

Summary paragraph 5 and 6 deal with misrepresentations by the government & the negotiations. The Defendant has covered these items in this and other letters & believes the evidence shown is strong proof toward "fair & just reasons" for withdrawal of pleas.

Summary number 8 states that the government believes the defendant after receiving additional discovery believed their case to be not as strong as "he initially believed." Well this is completely false as the defendant has never believed the government had a strong case. The defendant

believes that 90% of the evidence is 404(b) and the governments evidence does not prove any elements of the charged crimes in 08-0271. The defendant believes the governments theory is that because Mr. Brohn had an image on his computer in 1997 he is guilty of many crimes including being a predator. The defendant believes this theory is like saying that Mr. Gappa & Mr. Morales are attracted to young people because of all of the pornography they view in the course of their duties. Which both theories hold no proof or standing.

Summary number 9 deals with the defendants family and recent medical issues. The defendant brought these to the Court's attention to show issues that are, were, and continue to influence the defendant's state of mind and decision process. The defendant has stated to counsel on numerous occassions that because of the leukemia (his fathers) he couldn't see accepting anything that might jeoperdize them being reunited. The Avg life expectencies run from 36 to 72 months. Using these family issues to show state of mind in concluding these proceedings - & not to show guilt or innocence.

Paragraph 10 deals with defendents request for why the government waiting almost 2 yrs. to go to the Grand Jury. This was just something the defendant wanted to know until the Gov't's opposition was recieved. Then it became even more of an important issue. The Gov't mentions in its closing that the "victim is reluctant" & "it would be unfair to that victim to again have to suffer through additional hearings and a trial long after he believed that he could move on with his life." Well the Tulare County DA informed Steven M. that he could move on with his life in September of '06 - as well as the defendant believed he could in 3/07. The government after a 23 month delay and nothing involved in the case happening then brought the victim into all these hearings and possible trial. The defendant who has been fighting continually should not influence any decision.

Paragraphs 11 & 12 deal with the process on March 20th & 27th. The defendent was not informed of a scheduled hearing on the 27th. Emails the government attached to its opposition show one quick mention from one email on the 20th. Also the defendant rejected all offers up to the 27th so there is no reason for the defendant to believe he would need to appear in court.

As mentioned earlier Summary Paragraph 13 deals with other Districts and the Defense's understanding of the proposed agreement & as to the

government's possible contact since the agreement & what kind of strength such agreement could have. Obviously, redacted emails don't show anything but contact & the printed memorandum do not show the agreement as understood by the Defense.

The evidence retrieved from the computer obtained in Arizona, even though already mentioned does offer as well as the complete forensics report - which the defendant still has yet to recieve has to be classified as "newly discovered" evidence. These told are an intergal part to the government case in chief and do not show what the Gov't has said they do to the Court.

Pg 14 of doc 73 states that the gov't did not have to file the agreement memorandum in both cases. The Defendant is not a lawyer, and this may be true, but it seems that all documents need to be filed in both cases. Especially this memorandum as it states within it to be filed.

The defendant also makes the court aware the Defense believes that the defendant comes before the court being somewhat ignorant of Court procedure & it's relation to concurrent sentences as opposed to the State Courts he has dealt with. The defendant also conceeds that his ignorance to case law and trial procedure are lacking. The defendant comes before His Honor with an ignorance of the Federal System & its procedures.

The defendant as well submits this motion because of the fear of options in rushed negotiations and the process that transpired on March 27th, 2009. This fear or state of being afraid is from communications as to the final day of negotiations and to not 100% be assured of what was agreed. Immediate question, statements, & printed documents reiterate such confusion.

The government has also shown that the pleas may have been inadvertant in the fact that due to time they were rushed & negligent. It has also been shown that the parties involved in these proceedings at time have been ambiguous or open to various interpretations. These differences cause nothing but further confusion & new information being added even greatly affected the status of understanding of the defendant.

The defendant also disagrees with the governments contention that the defendant has already pleaded no contest to some of the charged conduct (Doc 73: 08-0271 p.17 @ 7). The charged conduct has as the gov't has mentioned numerous times - has nothing to do

with the charged offenses. Also in the next line the Gov't obviously does not do it's updated research. The Defendant has filed a Writ in Tulare County & is the process of continuing the procedure of the Writ of Habeas. The defendant was counselled and agreed with counsel to wait to file the writ to see what was happening with this case. The defendant however, in hearing this Honor mention that the No Contest info was not applicable in Criminal Court and could be used as an admission, the defendant completed research and filed the Writ in early August of 2009. This continues to show the Defendant's Inadequacies or Ignorance in Federal Courts.

Continuing the Government brought forth an indictment on 8/15/09 or around that date. Then 5 months later the Government was allowed to bring (change) another Superceding indictment. The Defendant was given 2 hours to accept or reject an offer protered by the Gov't.

Certainly having the case agent change jobs would not be seen as a problem in a search for the truth. The defendant can't even believe that the gov't would suggest to not have a trial because the case agent moved on. The case agent was theoretically ready to proceed on March 27th so a small refresher and they should be ready to go.

The Defendants opinion is that the gov't understands the confusion and lack of hard evidence. The opinion of the Defense is also that the Gov't wents the easy way out and is adding confusion with the conflict issue and misrepresentation of evidence to not have to prove Mr. Brohn guilty beyond a reasonable doubt.

The Defendant apologizes to the court for the delay in this letter. Also for changing from 1st person to 3rd person throughout. The writing is in pencil and on copies may be hard to read. I again state that I do not come before you lightly and ask for "fair & just reasons" that you allow me to withdraw the pleas entered on March 27th 2009 and set the matters for trial.

I also ask you to forgive me for this being long. I have tried to be concise & clear in as little space as possible. Thank you Your Honor for your time and consideration of this motion.

With the Utmost Respect
Jeffrey A. Brohn
Jeffrey A. Brohn