BARBARA HOPE O'NEILL #102968
Attorney at Law
2014 Tulare Street, Suite 510
Fresno, California 93721
Telephone: (559) 459-0655

Attorney for Jeffrey Alan Brohn

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | CASE Nos. 08-CR-271 OWW & |
| ) | 09-CR-25 OWW |
| ) | |
| ) | DEFENDANT'S FORMAL OBJECTIONS |
| Plaintiff, ) | TO PRESENTENCE REPORT |
| ) | |
| vs. ) | |
| ) | |
| Jeffrey Alan Brohn, ) | DATE: April 12, 2010 |
| ) | TIME: 9:00 a.m. |
| Defendant. ) | Hon. Oliver W. Wanger |

   Counsel and the Defendant have received and reviewed the Presentence Report (PSR) dated May 11, 2009 and revised May 21, 2009 in the two cases referenced above. The Defendant has the following objections to the PSR.

   1. On page 2a: the recommended 10 years supervised release; why not 5 years?

   2. On page 2a: under special conditions – as the defendant did not plead to any crime involving computers, conditions 5 and 7 should not apply.

   3. On page 3- #4: defendant never agreed to 96 months imprisonment but rather thought it was 68 months with 28 months to run concurrently.

   4. #5: the 2-level reduction should be in case 09-25 and the 3-level reduction should be in case 08-271.

   5. #14: this is the same charge, duplicate.

6. #20: defendant was not openly homosexual as a child; he hid it.
7. #26: defendant did not agree to using 2008 <u>Guidelines Manual</u>, 2005 should be be used.
8. #31: defendant did not "entice" the victim; no report says that he did.
9. #54: the 1990 case is too old and should not have been used and therefore his criminal history is overrated.
10. #56: a motion was filed by prior counsel as to this 1994 case, should be 1 point not 2; the defendant thinks that it should be 0.
11. #58: no registration was ordered in this 1996 case.
12. #62: defendant maintains that this is not a criminal case so why is it listed?
13. #76: this is the same case he is on probation for.
14. #78: subtotal criminal history score should be 5 or 6 (see objects to nos.54 & 56).
15. #79: criminal history category should be III.
16. #s: 83, 84, 85, 86, 87, 88, 89 and 90: all of the cases listed in these numbers were dismissed; the defendant wants to know why they were listed?
17. #92: defendant believes that there is no warrant on this case and that it was dismissed.
18. #101: defendant was never diagnosed with "character-illogical disorder".
19. #110: under debts: he owes approximately $30,000 in credit card debt and student loans.
20. #112: defendant thinks that the maximum is 60 years.
21. #114: should be level 23, criminal history III; 57-71 months.
22. #116: defendant was told at least 5 years supervised release was required; he notes its says 5 years here and elsewhere is says 10 years.
23. #117: defendant does not agree that the current guidelines are more favorable.
24. #118: again, as pointed out earlier the -2 and -3 were taken off the wrong cases.
25. #122: does not agree that he gave up all of these factors as listed in 18 USC 3553 (a).
26. #125: no coercion; does not say there was anywhere in the reports.
27. page 25: total offense level should be 23 and criminal history should be III.

28. #133: defendant objects to 10 years supervised release; why not 5 years?
defendant objects to the computer restrictions.

March 16, 2010           Respectfully submitted,

                s/s Barbara Hope O'Neill
                  Barbara Hope O'Neill
                  Attorney for Jeffrey Brohn