BENJAMIN B. WAGNER
United States Attorney
DAVID L. GAPPA
Assistant U.S. Attorney
2500 Tulare Street, Suite 4401
Fresno, California 93721
Telephone: (559) 497-4000

IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | ) CR-F-08-00271 OWW |
|---|---|
|  | ) CR-F-09-00025 OWW |
| Plaintiff, | ) |
|  | ) |
|  | ) |
| v. | ) GOVERNMENT SENTENCING MEMORANDUM |
|  | ) |
| JEFFREY BROHN, | ) |
|  | ) DATE: April 19, 2010 |
|  | ) TIME: 9:00 a.m. |
| Defendant. | ) PLACE: Courtroom Three |
|  | ) HON: Oliver W. Wanger |

The government has reviewed the defendant's objections to the presentence investigation and report.  The government does not object to the Probation Office response to the defendant's objections 2-19.  The government also offers several points below.

The defendant has objected to a ten-year term of supervised release.  The government also objects and requests that the court impose a lifetime term of supervision, because the defendant is a significant danger to children.  The court should impose a

lifetime term of supervised release.  Congress, in the PROTECT Act, provided for a possible lifetime term of supervised release for the offense for which the defendant will be sentenced.  The concern was that sex offenders, such as the defendant, who have manifested a sexual interest in children have restrictions placed on their access to children, computers, the internet, etc. in order to minimize the risk that they will reoffend.  The defendant has demonstrated a strong sexual interest in children and it appears that he has taken no affirmative steps to address his deviant behavior.  To the contrary, he is in denial and would have the court believe that he has no sexual interest in children.  In order to minimize the risks to society that he will reoffend, the government submits that he should be subject to the maximum term of supervision.

Relatively recently, the Ninth Circuit upheld a lifetime term of supervised release for a defendant who was convicted for "only" for possession of child pornography.  <u>United States v. Cope</u>, 506 F.3d 908 (9th Cir. 2007); <u>see also</u> <u>United States v. Daniels</u>, 541 F.3d 915 (9th Cir. 2009).  Here, the defendant was convicted for endangering the welfare of children in New Jersey for possession of child pornography.  He used a computer and the internet to download images of child pornography.  The government also produced evidence in this case, which was disclosed to the defendant in discovery, that he used a different computer, years later in Arizona, to download images of young boys engaging in sexually explicit conduct.

And he used instrumentalities of interstate commerce, including a computer and the internet, to communicate with a

2

minor and arrange what turned into a sexual meeting between himself and a then fifteen-year old minor in Tulare County, California.  The defendant will most likely be only approximately fifty years of age when he is released from the sentence he agreed to serve in this case.  Government counsel has personally prosecuted defendants who were age 65 or above when they committed similar sex crimes, and one defendant was sentenced to prison at approximately age 78.  He violated terms of his supervised release once he was released from custody.  The government submits that this defendant will still present a significant risk of harming children upon his release from custody, and the proposed conditions of supervised release, including restrictions on his access to computers and the internet, will help mitigate those risks.  They are reasonably related to the legitimate purpose of protecting the public.  They should remain in place for the rest of the defendant's life, particularly given his recidivist behavior already and his failure to register and/or update his registration as a sex offender.  See also United States v. Hayes, 445 F.3d 536 (2d Cir. 2006); United States v. Kennedy, 499 F.3d 547 (6th Cir. 2007); United States v. Carpenter, 2008 WL 2266299 (11th Cir. June 3, 2008).

    The court should otherwise follow the recommendations of the Probation Office and impose the sentence to which the parties agreed.  Specifically the sentence should include a term of imprisonment of 96 months, less credit for time actually served

in a case in Tulare County.  The court should also impose the mandatory penalty assessments of $300 (total).

Dated:    March 26, 2010                    Respectfully submitted,

                                            BENJAMIN B. WAGNER
                                            United States Attorney

                                            /s/ David L. Gappa
                                       By:  DAVID L. GAPPA
                                            Assistant U.S. Attorney