```
 1                   UNITED STATES DISTRICT COURT

 2                  EASTERN DISTRICT OF CALIFORNIA

 3                             --o0o--

 4  UNITED STATES OF AMERICA,  ) Case No. 1:08-cr-00271-OWW
                               ) Case No. 1:09-cr-00025-OWW
 5            Plaintiff,       )
                               ) Fresno, California
 6       vs.                   ) Monday, April 12, 2010
                               ) 10:42 A.M.
 7  JEFFREY ALAN BROHN,        )
                               ) Hearing re:  sentencing.
 8            Defendant.       )
                               )
 9
                      TRANSCRIPT OF PROCEEDINGS
10           BEFORE THE HONORABLE OLIVER W. WANGER
                  UNITED STATES DISTRICT JUDGE
11
    APPEARANCES:
12
    For Plaintiff:             DAVID L. GAPPA
13                             U.S. Attorney's Office
                               2500 Tulare Street, Suite 4401
14                             Fresno, CA   93721
                               (559) 497-4000
15
    For Defendant:             BARBARA H. O'NEILL
16                             Attorney at Law
                               2014 Tulare Street, Suite 510
17                             Fresno, CA   93721
                               (559) 459-0655
18
    Court Recorder:            OTILIA FIGUEROA
19                             U.S. District Court
                               2500 Tulare Street, Suite 1501
20                             Fresno, CA   93721
                               (559) 499-5928
21
    Transcription Service:     Petrilla Reporting &
22                                Transcription
                               5002 - 61st Street
23                             Sacramento, CA   95820
                               (916) 455-3887
24
    Proceedings recorded by electronic sound recording;
25  transcript produced by transcription service.
```

| | |
|---|---|
| 1 | FRESNO, CALIFORNIA, MONDAY, APRIL 12, 2010, 10:42 A.M. |
| 2 | |
| 3 | (Call to order of the Court.) |
| 4 | THE CLERK: The Court calls Item No. 13, 08-cr-271 |
| 5 | and 09-cr-25, USA v. Jeffrey Alan Brohn. |
| 6 | (Pause.) |
| 7 | MR. GAPPA: Good morning, Your Honor. David Gappa |
| 8 | for the United States. |
| 9 | MS. O'NEILL: Good morning, Your Honor. Barbara |
| 10 | O'Neill for Mr. Brohn. He's present in court in custody. |
| 11 | THE COURT: All right. This is the time we had |
| 12 | continued the sentencing to, to give Mr. Brohn a chance to |
| 13 | review the revised advisory guidelines, presentence |
| 14 | investigation report and to further communicate with his |
| 15 | attorney. Has that occurred, Ms. O'Neill? |
| 16 | MS. O'NEILL: Yes, Your Honor. I did file all the |
| 17 | objections that Mr. Brohn wanted filed, and I have received a |
| 18 | response from probation. |
| 19 | THE COURT: All right. Thank you very much. |
| 20 | MS. O'NEILL: And we also have an updated report |
| 21 | that's dated March 23rd, 2010. |
| 22 | THE COURT: I have the revised advisory guideline, |
| 23 | presentence investigation report. It is actually dated -- |
| 24 | excuse me, this one is a former one, that's dated -- it's |
| 25 | received March the 23rd, but those are the probation officer's |

1  response to the formal objections.  The revised report that I'm
2  referring to is dated April the 22nd of 2009, and so --
3          MS. O'NEILL:  Your Honor, there is a report that says
4  on the bottom, "Date Report Revised, 3/23/2010," which I
5  received after my -- our objections were answered by probation.
6          THE COURT:  Well, I have he probation officer's
7  response to the formal objections, which is dated May the 20th
8  of 2010 [sic], and so I now have the report that is -- got a
9  revision date of March 23rd of 2010, even though it bears the
10 April signature, the Court believes that the corrections and/or
11 revisions have been made by the probation officer.
12         MS. O'NEILL:  Yes, Your Honor.
13         THE COURT:  All right.  Thank you.  Now --
14         MS. O'NEILL:  I have gone over everything with my
15 client.  He says that there's something he wants to bring up
16 before he says he's ready to be sentenced.
17         THE COURT:  All right.
18         THE DEFENDANT:  Your Honor, I had mailed in a motion
19 for substitution of counsel and to proceed pro per until that
20 appointment as well as two other motions.  As of Friday, I
21 tried to contact the Court and find out if those were filed,
22 but I do not believe they are, and I do have copies of them for
23 the Court at this time.
24         THE COURT:  They have not been filed, and the Court
25 has not seen them.

1   (Counsel and defendant conferring.)
2           MS. O'NEILL:  May I approach, Your Honor?
3           THE COURT:  You may.
4           MR. GAPPA:  And Your Honor, the government did not get a copy of any of those documents either.
6           MS. O'NEILL:  Nor did I.
7           THE DEFENDANT:  They were mailed on April 6th of 2010 via the Fresno County Jail mail system.  So I don't know how it transpired.
10          THE COURT:  All right.  The defendant has filed a motion for substitution of counsel and to proceed pro se until appointment.  He's filed a second agreement -- I'm sorry, a second motion to set aside the plea agreement under Rule 11(C)(1)(c).  And he has filed a motion to rule the plea memorandum under Rule 11(C)(1)(c) not valid due to the original no longer in existence, and changes made to a then filed document while arbitrarily attaching signature page from said original.
19          Now, these documents have been filed while Mr. Brohn is represented by counsel, and apparently Ms. O'Neill knows nothing of these documents, nor does the Court, nor does the prosecutor.
23          At this point, is there any way of -- can you check, Wendy, to see if any of these documents have been filed?
25          (Pause - Court and Clerk conferring.)

1  THE COURT: All right. None of these documents have
2  been -- as far as I know, at least as of Friday, received by
3  the Clerk's Office, nor are they filed. And so, in light of
4  these documents, Ms. O'Neill, which you didn't know about, what
5  is your proposed course of action?
6  MS. O'NEILL: Well, Your Honor, if Mr. Brohn wants to
7  proceed to represent himself, I think that issue needs to be
8  taken up at this point. I think that's the main issue here
9  right now, and then this Court can decide how to proceed after
10 that.
11 I will tell the Court, Ms. Phillips is here. I
12 thought we were going to be sentenced today, and I asked for an
13 appellate attorney to be here because even though I know there
14 was a waiver of appellate rights, Mr. Brohn had other issues,
15 so out of an abundance of caution, I did ask her to be present,
16 and she is.
17 THE COURT: Yes. Well, he is now asking to have
18 another attorney appointed to represent him at this stage of
19 the proceedings, not on appeal. What is the government's
20 position?
21 MR. GAPPA: Your Honor, we oppose that, given that
22 this is now his second appointed attorney and the Court did not
23 find -- although in the end, I'm not so sure that it was
24 specifically couched as an ineffective assistance claim, but in
25 any event, the Court did not find prior counsel to be

```
 1  ineffective.  I don't see any basis on the record to find
 2  current counsel ineffective, and the sentencing has been
 3  delayed sufficiently long to address all of the concerns of the
 4  defendant through both counsel.  We'd ask the Court to deny the
 5  request and to proceed to sentencing today.
 6              THE COURT:  Well, here's what I think we need to do,
 7  because we have these two additional motions, and I recognize
 8  that Mr. Brohn is not pro se, but obviously, I'm not going to
 9  violate the attorney/client privilege here to ascertain what
10  his communications have been with Ms. O'Neill concerning these
11  motions.  They have to be addressed.  They concern, quite
12  frankly, the sentencing, because they concern whether or not
13  the plea agreement is enforceable, and there' a motion to set
14  aside the plea agreement, so it seems to me we're going to have
15  to address those.
16              And since you haven't received a copy of that, Ms.
17  O'Neill hasn't received a copy of that, I'm going to have to
18  provide time for that to be done and we will also let the
19  matter of this substitution of counsel be considered, because
20  of course, he has made a written motion, his attorney has not
21  had a chance to see it, has not had a chance to address it.
22  Under the Sixth Amendment I think that's the least that the law
23  requires.
24              And so although it may be frustrating to the
25  government, we're going to take each step in accordance with
```

```
 1   the requirements of law.  And so, it appears to me that we need
 2   to set these motions for hearing.  We will also set the
 3   sentencing date simultaneously, and depending upon the outcome
 4   of these proceedings, we will decide whether sentencing will
 5   proceed at that time.
 6              So what time, Ms. O'Neill, do you need to have to
 7   respond to these motions?  Or at least to review and evaluate
 8   them and determine what, if there is going to be a response,
 9   what should be done?
10              MS. O'NEILL:  Well, Your Honor, I believe one of the
11   motions the Court has already taken care of, and that's the one
12   that the original document is not the one that the Court is
13   working through.  The Court did send out an email on -- I'm
14   looking for the date -- on 3-17 that the Clerk had looked
15   through and didn't find the plea agreement the defendant
16   claimed was the plea agreement he signed.  I wasn't here at
17   that time, Mr. Beevers was the attorney.
18              The Court has already indicated that there's no such
19   document, so I don't know what to do about that one.
20              THE DEFENDANT:  Your Honor, if I might?  That is the
21   reason for that motion, and stated in that motion are the
22   reasons from Your Honor's transcript of the change of plea
23   hearing to the filed memorandum, and the differences of what
24   the Court read, and what was filed by the government.
25              MR. GAPPA:  Your Honor, we did address this last
```

1    time.
2         MS. O'NEILL:  And Your Honor, the problem is that Mr.
3    Brohn has certain ideas of what he thinks legally should be
4    addressed, and they may be sometimes different from counsel's
5    ideas.
6         THE COURT:  Understood.
7         MS. O'NEILL:  And that's why I filed all the
8    corrections to the probation report, many of which I did not
9    feel had a legal basis, but I wanted to cite all the things
10   that he thought were incorrect.
11        THE COURT:  Yes.
12        MS. O'NEILL:  And that's the problem we're in here,
13   is that legally counsel feels that things should go a certain
14   way, and Mr. Brohn feels they need to go another way.
15        THE COURT:  I understand that perfectly, and
16   nonetheless, these matters are before us, they need to be
17   addressed.
18        MS. O'NEILL:  I understand, Your Honor.
19        THE COURT:  And so what time do you need to address
20   them?
21        MS. O'NEILL:  I'm going to ask for -- and I need to
22   get a copy of those, Your Honor, if they could be provided --
23        THE COURT:  Of course.
24        MS. O'NEILL:  -- because I don't know if they
25   reached -- if they didn't reach the Clerk.  I have notice that

```
 1  one of the letters Mr. Brohn sent me from the jail I didn't get
 2  for eight days.  So there may be a lag time in that.
 3          THE COURT:  Yes.
 4          MS. O'NEILL:  I'm going to ask for May 17th to hear
 5  the motions and possibly have the sentencing.
 6          THE COURT:  All right.
 7          MS. O'NEILL:  Is that all right with you, Mr. Brohn?
 8          THE DEFENDANT:  That's fine.
 9          THE COURT:  Let's have any responses to Mr. Brohn's
10  motions filed by counsel and the government by the week before
11  on Friday.
12          THE CLERK:  May 21st?
13          THE COURT:  No, the hearing is the 17th.
14          THE CLERK:  Oh, sorry.
15          THE COURT:  So a week before.
16          THE CLERK:  Four --
17          THE COURT:  No, a week before that.
18          THE CLERK:  The 7th.
19          THE COURT:  The 7th.  By the 7th of May.  And then
20  I'm going to ask that the courtroom deputy make copies for the
21  government and for counsel of Mr. Brohn's motions and we will
22  continue the sentencing to the same date, May the 17th at 9:00
23  a.m.
24          MS. O'NEILL:  And Your Honor, Mr. Brohn further is
25  asking me if the Court can hearing the objections that Mr.
```

1  Beevers did file, it's Document 66, that was for the June 15th,
2  '09 hearing, whereas he objected to what is now, I believe,
3  paragraph 55 should have been one point instead of two points.
4  Mr. Brohn thinks that that's going to make a difference, so
5  he's asking to have that decided now.
6        THE COURT: It's not going to be decided now.
7        MS. O'NEILL: I'm just --
8        THE COURT: It will be decided at sentencing.
9        MS. O'NEILL: Yes. I understand, Your Honor. I'm
10 just letting the Court know what Mr. Brohn has asked.
11       THE COURT: Yes. Have you had a chance to respond to
12 that Ms. McAnulty (phonetic)?
13       PROBATION OFFICER: Yes, Your Honor. You should have
14 a copy of that.
15       THE COURT: I do have a copy of your response.
16       PROBATION OFFICER: That was outlined in my response.
17       THE COURT: All right. Thank you. And Mr. Gappa, if
18 you want to make any further response to that objection, that
19 would need to be filed by the 7th of May.
20       MR. GAPPA: Thank you, Your Honor.
21       THE COURT: All right. All these matters, then, are
22 continued for hearing to May 17th, 2010 at 9:00 a.m.
23       MS. O'NEILL: There may be certain matters counsel
24 does not wish to file, Your Honor, and so that might be an
25 issue.

```
1          THE COURT:  I understand.
2          MS. O'NEILL:  All right.
3          THE COURT:  All right.
4          MR. GAPPA:  Thank you, Your Honor.
5          THE DEFENDANT:  Thank you, Your Honor.
6          THE COURT:  You're welcome.
7      (Whereupon the hearing in the above-entitled matter was
8  adjourned at 10:58 a.m.)
9                              --o0o--
10                             CERTIFICATE
11     I certify that the foregoing is a correct transcript from
12  the electronic sound recording of the proceedings in the above-
13  entitled matter.
14
15  _____        November 11, 2011
16  Patricia A. Petrilla, Transcriber
17  AAERT CERT*D-113
```