IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | 1:08-cr-00271-AWI |
| | ) | 1:09-cr-00025-AWI |
| Plaintiff/Respondent, | ) | 1:11-cv-00893-AWI |
| | ) | |
| v. | ) | |
| | ) | |
| JEFFREY ALAN BROHN, | ) | |
| | ) | |
| Prisoner/Movant. | ) | |
| | ) | |

---

GOVERNMENT'S OPPOSITION TO PRISONER BROHN'S 28 U.S.C. § 2255
MOTION TO CORRECT, VACATE, OR SET ASIDE HIS CONVICTION

---

BENJAMIN B. WAGNER
United States Attorney
GRANT B. RABENN
Assistant U.S. Attorney
2500 Tulare Street, Suite 4401
Fresno, California 93721
Telephone: (559) 497-4000
Facsimile: (559) 497-4099

# TABLE OF CONTENTS

TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . i-iv

JURISDICTION AND VENUE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

STATEMENT OF THE CASE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

    A. Nature of the Case, Course of Proceedings, and
       Disposition of the Case to Date . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

    B. Custody Status . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

    C. Statement Of Facts . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

    A.    Prisoner's Plea Agreement Waived His Right to
           Collaterally Attack His Conviction . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

    B.    Prisoner Procedurally Defaulted By Not Pursuing A
           Direct Appeal of His Claims . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

    C.    Prisoner's Defense Attorneys Were Not Ineffective . . . . . . . . . . . . . . . . . 15

          (i)   Legal Standard . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

          (ii)  Ground One-Failure to File an Appeal . . . . . . . . . . . . . . . . . . . . . . 20

          (iii) Ground Two-Sentencing . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 21

    D.    Prisoner's SORNA Conviction Is No Longer Valid But
           Prisoner Is Not Entitled To Any Relief . . . . . . . . . . . . . . . . . . . . . . . . . . 23

    E.    The United States Did Not Withhold Exculpatory
           Evidence from Prisoner . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 28

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 29

CERTIFICATE OF SERVICE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 30

# TABLE OF AUTHORITIES

## FEDERAL CASES

Bousley v. United States,
  523 U.S. 614 (1998) ................................................... 13, 15

Brady v. United States,
  397 U.S. 742 (1970) ................................................... 11, 12

Campbell v. Wood,
  18 F.3d 662 (9th Cir. 1994) ......................................... 19

Carr v. United States,
  130 S. Ct. 2229 (2010) .............................................. 25

Coleman v. Thompson,
  501 U.S. 722 (1991) ................................................... 14

Cooper v. Fitzharris,
  586 F.2d 1325 (9th Cir. 1978) ...................................... 18

Eggeleston v. United States,
  798 F.2d 374 99th Cir. 1986) ........................................ 17

Guam v. Santos,
  741 F.2d 1167 9th Cir. 1984) ........................................ 19

Heath v. Alabama,
  474 U.S. 82 (1985) ..................................................... 25

Hughes v. Borg,
  898 F.2d 695 (9th Cir. 1990) ........................................ 19

James v. Borg,
  24 F.3d 20 (9th Cir. 1994) .......................................... 19

Kimmelman v. Morrison,
  477 U.S. 467 (1986) ................................................... 20

Miller v. Keeney,
  882 F.2d 1428 (9th Cir. 1989) ...................................... 18

McCleskey v. Zant,
499 U.S. 467 (1991) ........................................................................ 14

McMann v. Richardson,
397 U.S. 759 (1970) ........................................................................ 18

Reynolds v. United States,
132 S. Ct. 975 (2012) ........................................................... 13, 23, 26

Sawyer v. Whitley,
505 U.S. 333 (1992) ................................................................... 14, 15

United States v. Schaflander,
743 F.2d 714 (9th Cir. 1984) ........................................................ 17

Schlup v. Delo,
513 U.S. 298 (1995) ........................................................................ 15

Strickland v. Washington,
466 U.S. at 685 .................................................................. 17-19, 20

Sunal v. Large,
332 U.S. 174 (1947) ........................................................................ 13

Turner v. Calderon,
281 F.3d 851 (9th Cir. 2002) ........................................................ 19

Woratzeck v. Ricketts,
820 F.2d 1450 ................................................................................. 18

United States v. Abarca,
985 F.2d 1012 (9th Cir. 1992) ........................................................ 9

United States v. Anglin,
215 F.3d 1065 (9th Cir. 2000) ........................................................ 9

United States v. Baramdyka,
95 F.3d 840 (9th Cir. 1996) ............................................................ 9

United States v. Barron,
172 F.3d 1153 (9th Cir. 1999) ...................................................... 15

United States v. Birtle,
792 F.2d 846 (9th Cir. 1988) ........................................................ 20

United States v. Cochrane,
    985 F.2d 1027 (9th Cir. 1993) ...................................................................... 18

United States v. Dunham,
    767 F.2d 1395 (9th Cir. 1985) ...................................................................... 13

United States v. Frady,
    456 U.S. 152 (1982) ........................................................................... 13, 14

United States v. Hamilton,
    792 F.2d 837 (9th Cir. 1986) ...................................................................... 18

United States v. Hayman,
    342 U.S. 205 (1952) .................................................................................. 3

United States v. Kaczynski,
    239 F.3d 1108 (9th Cir. 2001) ............................................................... 10-12

United States v. Leach,
    639 F.3d 769 (7th Cir. 2011) ...................................................................... 25

United States v. Littlefield,
    105 F.3d 527 (9th Cir. 1996) ........................................................................ 9

United States v. McMullen,
    98 F.3d 1155 (9th Cir. 1996)....................................................................... 20

United States v. Nunez,
    223 F.3d 956 (9th Cir. 2000) .................................................................... 9, 10

United States v. Pruitt,
    32 F.3d 431 (9th Cir. 1994) ......................................................................... 9

United States v. Quintero-Barraza,
    78 F.3d 1344 (9th Cir. 1995) ...................................................................... 17

United States v. Sandoval-Lopez,
    122 F.3d 797 (9th Cir. 1997) ...................................................................... 15

United States v. Shenandoah,
    595 F.3d 151 (3d Cir. 2010) ....................................................................... 26

United States v. Taylor,
    802 F.2d 1108 (9th Cir. 1986) ..................................................................... 17

United States v. Transfiguracion,
    442 F.3d 1222 (9th Cir. 2006) ..................................................................... 15

United States v. Valverde,
628.F.3d 1159, 1162-64 (9th Cir. 2010) ............................................................. 26

United States v. Wheeler,
435 U.S. 313 (1978) ............................................................................................. 25

## FEDERAL STATUTES

42 U.S.C. § 14071 (2006) ............................................................................................. 24

18 U.S.C. § 2250(a) .................................................................................... 2-5 , 8, 27, 28

28 U.S.C. § 2255 ...................................................................................... 1- 3, 5, 7, 10, 27

18 U.S.C. § 2422(b)(B) ................................................................................. 1, 2, 4, 7, 27

18 U.S.C. § 2423(b) ........................................................................................ 2, 4, 8, 27

18 U.S.C. § 3231 ....................................................................................................... 2

18 U.S.C. §3742 ....................................................................................................... 10

18 U.S.C. §3237(a) ................................................................................................... 25

BENJAMIN B. WAGNER
United States Attorney
GRANT B. RABENN
Assistant United States Attorney
2500 Tulare Street, Suite 4401
Fresno, California 93721
Telephone: (559) 497-4000
Facsimile: (559) 497-4099

Attorneys for Plaintiff
  United States of America

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | 1:08-cr-00271-AWI |
| | ) | 1:09-cr-00025-AWI |
| Plaintiff/Respondent, | ) | 1:11-cv-00893-AWI |
| | ) | |
| v. | ) | GOVERNMENT'S OPPOSITION TO |
| | ) | PRISONER BROHN'S 28 U.S.C. § |
| JEFFREY ALAN BROHN, | ) | 2255 MOTION TO CORRECT, VACATE, |
| | ) | OR SET ASIDE HIS CONVICTION |
| Prisoner/Movant. | ) | |
| _____ | ) | |
| | ) | |

For the reasons set forth below, the United States of
America respectfully opposes Prisoner/Movant Jeffrey Alan Brohn's
motion to correct, vacate, or set aside his conviction, pursuant
to 28 U.S.C. § 2255, filed on May 31, 2011.

I. <u>JURISDICTION AND VENUE</u>

Prisoner/Movant Jeffrey Alan Brohn ("Prisoner") was first
charged in the Eastern District of California on August 14, 2008
with violating 18 U.S.C. § 2422(b) for (1) use of interstate
facility of interest commerce to induce minor to engage in
criminal secual activity and (2) travel with intent to engage in

illicit sexual conduct (the "Sexual Inducement Case"). <u>See</u>
<u>United States v. Brohn</u>, 1:08-cr-00271-AWI (formerly OWW)(cited
hereafter as "Brohn 1"), Court Record ("C.R.") 4.  On January 22,
2009, a superceding indictment was filed in that case, charging
Prisoner with (1) coercion and enticement in violation of 18
U.S.C. § 2422(b) and (2) travel with intent to engage in illicit
sexual conduct in violation of 18 U.S.C. § 2423(b) and (e). <u>See</u>
<u>Brohn 1</u>, C.R. 40.

Several months after first being charged in the Sexual
Inducement Case, Prisoner was charged on January 22, 2009 with
violating 18 U.S.C. § 2250(a) for failing to register as a sexual
offender (the "Sexual Offender Case").  <u>See</u> <u>Brohn</u>, 1:09-cr-00025-
AWI (cited hereafter as "Brohn 2"), C.R. 1.  This District Court
had jurisdiction under 18 U.S.C. § 3231.

On March 30, 2009, a plea agreement, pursuant to Rule
11(c)(1)(C) of the Federal Rules of Criminal Procedure, was
entered settling both the Sexual Inducement Case and the Sexual
Offender Case.  <u>See</u> <u>Brohn 1</u>, C.R. 63; <u>Brohn 2</u>, C.R. 7.
Specifically, Prisoner pled guilty to violating one count of 18
U.S.C. § 2422(B); one count of 18 U.S.C. § 2423(b) and (e); and
one count of 18 U.S.C. § 2250(a), for a total accepted term of
imprisonment of eight years (96 months).  <u>See</u> <u>id</u>.  Prisoner
waived both his right to file an appeal and his right to file a
motion pursuant to 28 U.S.C. § 2255.  <u>See</u> <u>id</u>.

Judgments of conviction for the Sexual Inducement Case and
the Sexual Offender Case pursuant the plea agreement were entered

against the Prisoner on May 27, 2010, 2010. See Brohn 1, C.R.
95; Brohn 2, C.R. 34. Prisoner was sentenced by the Honorable
Oliver W. Wanger on May 19, 2010. Judge Wanger sentenced
Prisoner to a term of imprisonment of 88 months for violation of
Counts 1 and 2 of the Sexual Inducement Case to be served
concurrently with violation of Count 1 of the Sexual Offender
Case. See Brohn 1, C.R. 94; Brohn 2, C.R. 33. Prisoner's final
sentence was reduced from a term of 96 months (as agreed to in
the plea agreement) to a term of 88 months based on a provision
in the plea agreement that allowed for "day for day" credit for
time-served for a custodial sentence in Tulare County,
California. See Brohn 1, C.R. 63, sec. 3, par. (j); Brohn 2,
C.R. 7, sec. 3, par. (j).

Pursuant to his waiver of appellate rights, Prisoner filed a
notice of decision not to pursue appeal of these cases. See
Brohn 1, C.R. 99; Brohn 2, C.R. 38. On May 31, 2011, Prisoner
filed a petition for relief under 28. U.S.C. § 2255. See Brohn
2, C.R. 40.

This Court has jurisdiction under 28 U.S.C. § 2255. Venue
is proper under the same. See, e.g., United States v. Hayman, 342
U.S. 205, 219 (1952)(a motion under 28 U.S.C. § 2255 is properly
filed in the district of sentencing).

///


///

# II. <u>STATEMENT OF THE CASE</u>

### A. Nature of the Case, Course of Proceedings, and <u>Disposition of the Case to Date</u>

As set forth above, Prisoner pled guilty to violating one count of 18 U.S.C. § 2422(B); one count of 18 U.S.C. § 2423(b) and (e); and one count of 18 U.S.C. § 2250(a). <u>See</u> <u>Brohn 1</u>, C.R. 63; <u>Brohn 2</u>, C.R. 7. After entering a plea of guilty but before receiving his sentence, Prisoner filed, on August 9, 2008, a motion to set aside the plea agreement based on purported ineffective assistance of counsel provided to Prisoner by his attorney, Doug Beevers, during plea negotiations and the change of plea hearing. <u>See</u> <u>Brohn 1</u>, C.R.s 65 and 76; <u>Brohn 2</u>, C.R.s 8 and 65. The court granted Mr. Beevers permission to withdraw as counsel for Prisoner on August 21, 2009, and attorney Barbara O'Neil was appointed as Prisoner's new counsel. <u>See</u> <u>Brohn 1</u>, C.R. 77; <u>Brohn 2</u>, C.R. 18. On February 11, 2010, the court denied Prisoner's motion to set aside the plea. <u>See</u> <u>Brohn 1</u>, C.R. 84; <u>Brohn 2</u>, C.R. 23.

Approximately two months later, on April 12, 2010, Prisoner filed a new set of motions requesting that the plea agreement be set aside as a result of purported ineffective assistance of counsel provided to him by his new attorney, Barbara O'Neil. <u>See</u> <u>Brohn 1</u>, C.R.s 30 and 31; <u>Brohn 2</u>, C.R.s 91 and 92. Prisoner also filed a motion to proceed *pro se* until new consel could be appointed to replace Ms. O'Neil. <u>See</u> <u>Brohn 1</u>, C.R. 29; <u>Brohn 2</u>, C.R. 90. After hearing *in camera* testimony from Ms. O'Neil on

the sufficiency of Prisoner's counsel, the court denied Prisoner's motion. See Brohn 1, C.R. 33; Brohn 2, C.R. 94. The court also denied Prisoner's new set of motions to set aside the plea agreement. See id.

As set forth above, Prisoner was sentenced May 19, 2010 to a term of imprisonment of 88 months for violation of Counts 1 and 2 of the Sexual Inducement Case to be served concurrently for Prisoner's violation of Count 1 of the Sexual Offender Case. See Brohn 1, C.R. 94; Brohn 2, C.R. 33. Prior to the sentencing date, Prisoner sent two sets of formal objections to the U.S. Probation Office regarding the Presentence Investigation Report ("PSR"). See Brohn 1, C.R.s 66 and 87; Brohn 2, C.R. 9. The Probation Office issued a final PSR on May 21, 2009.

On June 1, 2010, the court appointed attorney Carolyn D. Phillips as appellate counsel for Prisoner. See Brohn 1, C.R. 98; Brohn 2, C.R. 37. The following day, Prisoner filed a notice of decision not to pursue appeal. See Brohn 1, C.R. 99; Brohn 2, C.R. 38.

No further action was taken in this case until Prisoner filed, on May 31, 2011, a petition for relief under 28. U.S.C. § 2255. See Brohn 2, C.R. 40.

B.  Custody Status

The Prisoner is in the custody of the Bureau of Prisons.

C.  Statement Of Facts

As set forth above, Prisoner pled guilty to two charges in the Sexual Inducement Case and one charge in the Sexual Offender

-5-

Case pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure. See Brohn 1, C.R. 63; Brohn 2, C.R. 7.

As background, the investigation into Prisoner in relation to this case began in May 2006, when detectives with the Visalia Police Department received a report from a child therapist indicating that one of the therapist's 15-year-old male clients ("Victim") was having a relationship with a 40-year-old, Prisoner here. P.S.R. at 4. The therapist had researched the name of Prisoner here, and found a match on a website called Family Watchdog, which provides information on registered sexual offenders. Id. at 4. Victim informed law enforcement that he had been communicating with Prisoner for approximately one year and that the subject of many of their conversations was sexual in nature. Id. For example, Victim stated that he had received a package of underwear from Prisoner. Id.

Law enforcement learned that in January 2006 that Prisoner traveled from Wisconsin to Visalia, California to have sexual contact with Victim. Id. at 5. According to Victim, Prisoner picked Victim up at school, they had lunch at a restaurant, and then went back to a Motel 6 in Tulare, California where they engaged in sexual activity. Id. Even after this event, Victim continued to receive e-mails from Prisoner, who was at the time living in Phoenix, Arizon. Id.

Law enforcement located the last residence of Prisoner in Phoenix, Arizon. Id. Prisoner had been evicted from that residence and had abandoned some of his personal belongings,

including a computer. Id. After searching the computer pursuant to a search warrant, law enforcement found evidence confirming Prisoner's sexual relationship with Victim. Id.

Prisoner was arrested on August 25, 2008 in Michigan and was interviewed by agents from the Federal Bureau of Investigation ("FBI"). Id. Prisoner denied having sexual contact with Victim but admitted that he met Victim in person, they ate at a restaurant, and then spent some time in a motel room watching a movie and hugging. Id. Prisoner admitted that he knew that Victim was under the age of eighteen and that he had sent Victim a calling phone card and athletic shorts. Id.

Count One of The Sexual Inducement Case

Prisoner was charged in Count One of the Sexual Inducement Case with violating 18 U.S.C. § 2422(b) - use of facility of interstate commerce to induce a minor to engage in criminal sexual activity. In relation to this charge, Prisoner agreed to the following facts:

> Beginning in approximately October 2005 and continuing through approximately June 2006 in the Eastern District of California, the Western District of Wisconsin, the District of Arizona and elsewhere the defendant knowingly attempted to persuade, induce, or entice, an individual, who had not attained the age of 18 years, to engage in sexual activity for which any person could be charged with a criminal offense. Specifically, the defendant engaged in multiple communications by telephone (by voice and by text messaging) and internet-based electronic mail, with an individual who was less than eighteen years of age for the purpose of meeting the minor to engage in any sexual activity for which any person could be charged with a criminal offense, or the defendant did attempt to do so.

See Brohn 1, C.R. 63 at 7; Brohn 2, C.R. 7 at 7.

-7-

<u>Count Two of the Sexual Inducement Case</u>

Prisoner was charged in Count Two of the Sexual Inducement Case with violating 18 U.S.C. § 2423(b) - travel with intent to engage in illicit sexual conduct. In relation to this charge, Prisoner agreed to the following facts:

> The defendant also traveled in interstate commerce (from Wisconsin to Visalia, California) in January 2006 with the intent of engaging in any illicit sexual conduct with another person (whom he believed to be age 15).

See <u>Brohn 1</u>, C.R. 63 at 7; <u>Brohn 2</u>, C.R. 7 at 7.

<u>Count One of the Sexual Offender Case</u>

Prisoner was charged in Count One of the Sexual Offender Case with violating 18 U.S.C. § 2250(a) - failure to register as a Sexual Offender. In relation to this charge, Prisoner agreed to the following facts:

> The defendant was obligated to register as a sex offender in the states of California and Michigan as a result of his conviction in 1997 in New Jersey related to Endangering the Welfare of Children by Possession of Child Pornography. He resided in California and Michigan after having traveled in interstate commerce after June of 2007. The defendant failed to register as a sex offender in Michigan and California as he was required by the Sex Offender Registration and Notification Act to do so.

See <u>Brohn 1</u>, C.R. 63 at 7; <u>Brohn 2</u>, C.R. 7 at 7.

III. <u>ARGUMENT</u>

    A.    Prisoner's Plea Agreement Waived His Right to <u>Collaterally Attack His Conviction</u>

In his plea agreement, Prisoner knowingly and voluntarily waived his right to collaterally attack his conviction and sentence. See <u>Brohn 1</u>, C.R. 63; <u>Brohn 2</u>, C.R. 7. The Court

-8-

should enforce the waiver by not granting Prisoner's 2255 motion.

The Ninth Circuit regularly enforces waivers of appellate rights that are part of negotiated guilty pleas. <u>United States v. Anglin</u>, 215 F.3d 1065 (9th Cir. 2000). Indeed, a valid non-constitutional waiver, such as the waiver of the statutory right to collaterally attack a sentence or conviction, is enforceable. <u>United States v. Abarca</u>, 985 F.2d 1012 (9th Cir. 1992).[1]

Plea bargains are contractual in nature and must be measured by contract law standards. <u>United States v. Nunez</u>, 223 F.3d 956, 958 (9th Cir. 2000). A negotiated plea agreement represents a bargained-for exchange where both parties may obtain an advantage by giving concessions, and both parties expect the agreement to be enforced. <u>United States v. Littlefield</u>, 105 F.3d 527, 530 (9th Cir. 1996) (Hall, J., concurring). Thus, if the defendant breaches the contract by filing a collateral attack, the government should be entitled to enforcement of the agreement. See <u>id</u>. ("One of the advantages which the government received in the plea bargaining process was a waiver of appeal. Only through the dismissal of this appeal will the government receive the

---

[1] A plea agreement's waiver of the right to appeal or collateral attack probably cannot waive the right to file a section 2255 motion asserting ineffective assistance of counsel. <u>United States v. Baramdyka</u>, 95 F.3d 840, 844 (9th Cir. 1996); <u>United States v. Pruitt</u>, 32 F.3d 431, 433 (9th Cir. 1994); <u>but see</u> <u>United States v. Nunez</u>, 223 F.3d 956, 958 (9th Cir. 2000) (waiver of appeal of the sentence waives the right to allege ineffective assistance at sentencing on direct appeal). Prisoner claims in his 2255 motion that his defense counsel was ineffective. That issue will be addressed below.

benefit of its bargain"). A waiver of collateral attack is enforceable if two criteria are satisfied: (1) the language of the plea agreement includes a waiver and (2) the waiver is knowing and voluntary. Nunez, 223 F.3d at 958.

Both criteria were satisfied here. The written plea agreement expressly waived both Prisoner's appeal rights and his right to collaterally attack his conviction under section 2255:

> Defendant knowingly and voluntarily waives his Constitutional and statutory rights to appeal his plea, conviction, and sentence. This waiver of appeal includes, but is not limited to, an express waiver of defendant's rights to appeal his plea, conviction, and sentence on any ground, including any appeal right conferred by 18 U.S.C. § 3742. The defendant further agrees not to contest his plea, conviction, or sentence in any post-conviction proceedings, including but not limited to a proceeding under 28 U.S.C. § 2255.

See Brohn 1, C.R. 99 at Sec. 3(d); Brohn 2, C.R. 38 at Sec. 3(d).

Prisoner entered this waiver knowingly and voluntarily. "A plea is voluntary if it 'represents a voluntary and intelligent choice among the alternative courses of action open to the defendant.'" United States v. Kaczynski, 239 F.3d 1108, 1114 (9th Cir. 2001), quoting North Carolina v. Alford, 400 U.S. 25, 31 (1970). The defendant must be "'fully aware of the direct consequences'" of his plea, and the plea must not have been "'induced by threats (or promises to discontinue improper harassment), misrepresentation (including unfulfilled or unfulfillable promises), or perhaps by promises that are by their nature improper as having no proper relationship to the

prosecutor's business (e.g., bribes).'" <u>Kaczynski</u>, 239 F.3d at 1114, quoting <u>Brady v. United States</u>, 397 U.S. 742, 755 (1970).

In open court, during the plea colloquy, the Court determined that:

- Prisoner was competent to plead guilty (<u>Brohn 1</u>, C.R. 72 at p. 4:18-25, 5:1-17);
- Prisoner was fully satisfied with his attorney's representation and advice (<u>id</u>. at p. 5:18-21);
- Prisoner had reviewed the plea agreement and understood the terms of the plea agreement including the waiver of appeal and collateral attack of his conviction and sentence (<u>id</u>. at pp. 5:22-25, 6:1-10, 7:10-19; 8:3-9);
- the full terms of the agreement between Prisoner and United States was put in writing in the plea agreement (<u>id</u>. at p. 12:12-17);
- Prisoner was not threatened or pressured to enter into the plea agreement (<u>id</u>. at p. 12:18-20);
- Prisoner understood the Constitutional rights he was waiving as part of the plea agreement (<u>id</u>. at pp. 17:15-25, 18:1-25; 19:1-16).

The Court ensured that Prisoner understood the provisions of the plea agreement relating to waiver of appeal and collateral attack:

> THE COURT: You are, with knowledge, voluntarily giving up, as part of the plea agreement, any rights under the constitution or the law to seek review of your case in a higher court by direct appeal from this Court to a higher court or by collateral attack, by filing another case in this Court or another court after you're convicted, seeking review,. Essentially you are giving up all rights, including the right to review on habeas corpus your plea, conviction and your sentence. Do you understand?

> THE DEFENDANT: I understand.

<u>Id</u>. at p. 7:10-19. In addition, the Court recited the factual basis for the plea agreement and ensured that Prisoner agreed with those facts (<u>id</u>. at pp. 15:18-25, 16:1-25, 17:1-12). The Court asked Prisoner how he pled to the three charges contained

in the Sexual Inducement Case and the Sexual Offender Case. Id. at p. 19:17-24. Prisoner answered "Guilty, Your Honor." Id. at p. 19:25. The Court found Prisoner fully competent to plead guilty and found that there was a factual basis. Id. at p. 20:1-7.

This recitation demonstrates that Prisoner's guilty plea was entered knowingly and voluntarily. The Ninth Circuit gives "substantial weight" to a defendant's in-court statements. Kaczynski, 239 F.3d at 1115. Prisoner repeatedly said he understood the terms of the agreement. He did not claim to have misunderstood the plea agreement, the elements that had to be proved, or the factual basis.

In addition, as noted above, Prisoner filed numerous motions seeking to withdraw from the plea agreement. The Court noted that Prisoner's claims of not understanding the plea agreement were "ridiculous" (see Exhibit 1, Transcript of February 11, 2010 Hearing at p. 9:24) and noted that Prisoner "was one of the most engaged, responsive, and articulate defendants I've ever had in my court in dealing with thousands of defendants." See id. at p. 11:20-22.

For these reasons, Prisoner's motion is precluded by his knowing and voluntary waiver of collateral attack and it should therefore be denied.

  B. Prisoner Procedurally Defaulted By Not Pursuing A
    Direct Appeal of His Claims

Prisoner may not now raise his claim by way of a section 2255 motion because he procedurally defaulted the claim by not presenting it on direct appeal.[2] The law requires that a defendant bring all claims on direct appeal, or they are deemed "defaulted," barring him from raising them on collateral review. Sunal v. Large, 332 U.S. 174 (1947). A collateral attack is not a substitute for an appeal. "So far as convictions obtained in the federal courts are concerned, the general rule is that the writ of habeas corpus will not be allowed to do service for an appeal." Id. at 178; accord United States v. Frady, 456 U.S. 152, 168 (1982). "Section 2255 is not designed to provide criminal defendants repeated opportunities to overturn their convictions on grounds which could have been raised on direct appeal." United States v. Dunham, 767 F.2d 1395, 1397 (9th Cir. 1985).

As a result, "[w]here a defendant has procedurally defaulted a claim by failing to raise it on direct review, the claim may be raised in habeas only if the defendant can first demonstrate either 'cause' and 'actual prejudice' or that he is 'actually innocent.'" Bousley v. United States, 523 U.S. 614, 622 (1998).

To satisfy the cause requirement, Prisoner must demonstrate that "some objective factor external to the defense impeded

---

[2] As set forth below, the United States concedes that the rule of procedural default does not apply to Prisoner's arguments related to the recent Reynolds opinion issued by the Supreme Court and related cases because that line of cases developed after Prisoner's change of plea.

counsel's efforts" to raise the issue. <u>Coleman v. Thompson</u>, 501 U.S. 722, 753 (1991). Ordinarily, this will involve "a showing that the factual or legal basis for [the] claim was not reasonably available to counsel . . . or that 'some interference by officials' made compliance impracticable." <u>McCleskey v. Zant</u>, 499 U.S. 467, 494-95 (1991). Prisoner's 2255 motion makes no effort to show cause for his default, other than to state that his attorney failed to file an appeal. See <u>Brohn 2</u>, C.R. 40 at p. 3. Indeed, the only apparent reason for why Prisoner did not file an appeal is because Prisoner explicitly waived his right to appeal as part of his plea agreement.

To show prejudice, Prisoner must show that an error worked to his actual and substantial disadvantage. <u>Frady</u>, 456 U.S. at 170. Prisoner has not even attempted to do that here and cannot in fact make that showing. Far from prejudicing Prisoner, the plea bargain greatly benefitted him.

As a result of the plea bargain, Prisoner received: a reduced sentence for time-served in a state prosecution (from 96 to 88 months) and an agreement from the United States that it would not recommend prosecution of Prisoner to any other prosecuting authorities for conduct addressed in the plea agreement. See <u>Brohn 2</u>, C.R. 7 at p. 6-7, Sec. 4(a)-(c). Prisoner therefore has no basis for claiming prejudice.

To prove actual innocence, Prisoner must show that he is in fact innocent, not that the government's case against him was legally insufficient. <u>Sawyer v. Whitley</u>, 505 U.S. 333, 339

-14-

(1992). "To establish actual innocence, the petitioner must demonstrate that, 'in light of all the evidence,' it is more likely than not that no reasonable juror would have convicted him." Id., *quoting* Schlup v. Delo, 513 U.S. 298, 327-28 (1995). "Actual innocence" means "factual innocence, not mere legal insufficiency." Bousley, 523 U.S. at 623; United States v. Transfiguracion, 442 F.3d 1222, 1229 (9th Cir. 2006) ("The inability to rescind a plea agreement based on a mutual mistake of law applies to criminal defendants as well as to the government").[3] Prisoner makes no effort to show his actual innocence regarding the Sexual Inducement Case. Also, as noted above, Prisoner clearly accepted the factual basis for his plea agreement and cannot with a straight face now contest those facts.

   C.   Prisoner's Defense Attorneys Were Not Ineffective

At the outset, it is important to note that Prisoner's 2255 motion is an attempt to get another bite at the apple on the ineffective assistance claims he asserted to the Court following his entry of a plea of guilty. Prisoner agreed to the terms of his plea agreement. The bargained-for-exchange that Prisoner

---

   [3] In Transfiguracion, and in cases upon which it relies, United States v. Barron, 172 F.3d 1153, 1231 (9th Cir. 1999), and United States v. Sandoval-Lopez, 122 F.3d 797, 800-01 (9th Cir. 1997), the court distinguished between vacating a sentence invalidated by a subsequent change in the law, on the one hand, and voiding a guilty plea on the other hand. In those three cases, the defendants challenged their sentences based on subsequent law but did not recant their admissions to the violation conduct; in those circumstances, the court refused to vacate their plea agreements and reinstate dismissed charges.

-15-

received as a result of his plea agreement resulted in a much lower sentence than what the Prisoner was actually facing. As noted by Judge Wanger, Prisoner's attorney, Doug Beevers, "was skillful enough and competent enough to negotiate a below statutory mandatory minimum sentence. <u>See</u> Ex. 1 at p. 14:22-24. This suggests at the very least that his experienced defense attorney suspected that the likely outcome of a trial would be far worse for his client, and, therefore, he negotiated a favorable plea agreement.

Whether this is a case of buyer's remorse or a savvy attempt to game the system, Prisoner should not be allowed to re-litigate his ineffective assistance claims. Regardless, those claims are baseless and should be rejected by the Court for the reasons set forth below.

It is also worth noting that Prisoner represented to the court under oath during his plea allocution that he was satisfied with his counsel (at that time, Doug Beevers). <u>Brohn 1</u>, C.R. 72 at p. 5:18-21. In addition, Prisoner's following attorney, Barbara O'Neill, noted before the Court on February 11, 2010 that:

> "From speaking to Mr. Brohn, he has never had anything bad to say about Mr. Beevers. In fact, he said he's a very competent attorney."

<u>See</u> Ex. 1 at p. 12:19-21. It is apparent from the record that Prisoner on one hand has taken advantage of competent counsel to obtain the benefit of the bargain in negotiations with the United

States but then on the other hand attacks his former attorneys in a backhanded attempt to gain additional benefits from the legal process.

   (i)  <u>Legal Standard</u>

   The benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result. <u>Strickland v. Washington</u>, 466 U.S. 668, 686 (1984). In <u>Strickland</u>, the Supreme Court established a two-pronged test for determining if counsel rendered ineffective assistance. Under this test, a defendant has the burden to establish: (1) that his counsel's performance fell below an objective standard of reasonableness; and (2) that the deficient performance prejudiced his defense. <u>Id.</u> at 687; <u>United States v. Quintero-Barraza</u>, 78 F.3d 1344, 1347 (9th Cir. 1995); <u>United States v. Taylor</u>, 802 F.2d 1108 (9th Cir. 1986).

   In applying this standard, the Court need not follow any particular order. If an ineffectiveness claim is untenable on the prejudice prong, the Court need not even address the performance prong. <u>Strickland</u>, 466 U.S. at 697.

   To establish incompetence, Prisoner must identify the acts or omissions that are alleged not to have been the result of reasonable professional judgment. <u>Id.</u> at 689-690; <u>Eggeleston v. United States</u>, 798 F.2d 374, 376 (9th Cir. 1986); <u>United States v. Schaflander</u>, 743 F.2d 714, 717-718 (9th Cir. 1984). Prisoner must show that counsel made errors so serious that he

-17-

was not functioning as the counsel guaranteed by the Sixth Amendment. <u>Strickland</u>, 466 U.S. at 685. The Court must determine whether, in light of all circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance. <u>Id</u>. at 718.

There is a strong presumption that counsel's conduct fell within the wide range of reasonable representation. <u>Id</u>. at 689; <u>United States v. Cochrane</u>, 985 F.2d 1027, 1030 (9th Cir. 1993); <u>United States v. Hamilton</u>, 792 F.2d 837, 839 (9th Cir. 1986). Judicial scrutiny of counsel's performance must be highly deferential because it is "all too tempting for a convicted defendant to second-guess counsel's assistance after conviction or adverse sentence." <u>Strickland</u>, 466 U.S. at 689. Counsel's strategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable. <u>Id</u>. at 690.

Prisoner must prove serious derelictions on the part of counsel. <u>McMann v. Richardson</u>, 397 U.S. 759, 774 (1970). The United States Constitution does not guarantee representation that is infallible. <u>Cooper v. Fitzharris</u>, 586 F.2d 1325, 1330 (9th Cir. 1978). Counsel need not recognize and assert every possible defense and argument. <u>Woratzeck v. Ricketts</u>, 820 F.2d 1450, 1453 (9th Cir. 1987), vacated on other grounds, 859 F.2d 1559 (9th Cir. 1988). Counsel does not commit ordinary error or any type of error when counsel does not raise claims that do "not have a reasonable probability of succeeding." <u>Miller v. Keeney</u>, 882

F.2d 1428, 1435 (9th Cir. 1989).

A standard of objective reasonableness recognizes tactical choices. James v. Borg, 24 F.3d 20, 27 (9th Cir. 1994); Strickland, 466 U.S. at 689-90 ("Even the best criminal attorneys would not defend a particular client in the same way."). Therefore, "the defendant 'must overcome the presumption that under the circumstances the challenged action might be considered sound trial strategy.'" Turner v. Calderon, 281 F.3d 851 (9th Cir. 2002), *quoting* Strickland, 466 U.S. at 689. Where a defense attorney chooses one potential argument over another, the failure to present the alternative argument does not show ineffectiveness where the petitioner fails to identify evidence counsel should have presented which would support the alternative argument. See Borg, 24 F.3d at 27. A tactical decision by counsel that is not objectively unreasonable, but with which the defendant disagrees, does not constitute ineffective assistance of counsel. Guam v. Santos, 741 F.2d 1167, 1169 (9th Cir. 1984); Hughes v. Borg, 898 F.2d 695, 703 (9th Cir. 1990).

The Ninth Circuit has continuously warned it will "neither second-guess counsel's decisions, nor apply the fabled twenty-twenty vision of hindsight." Campbell v. Wood, 18 F.3d 662, 673 (9th Cir. 1994).

With respect to prejudice, it is not enough for a defendant to show that errors or omissions had some conceivable effect on the outcome of the proceeding, as virtually every act or omission

of counsel would meet that test. <u>Strickland</u>, 466 U.S. at 693; <u>United States v. Birtle</u>, 792 F.2d 846, 849 (9th Cir. 1988). "He must show there is some reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." <u>Strickland</u>, 466 U.S. at 694; <u>United States v. McMullen</u>, 98 F.3d 1155, 1157 (9th Cir. 1996). This standard is "rigorous" and "highly demanding." <u>Kimmelman v. Morrison</u>, 477 U.S. 365, 381-82 (1986). In assessing prejudice, the Court must also consider the applicable legal standard. <u>Strickland</u>, 466 U.S. at 695 (e.g., when conviction challenged, would fact finder have had a reasonable doubt, absent counsel's errors).

(ii) <u>Ground One-Failure to File an Appeal</u>

Prisoner first asserts that his defense counsel rendered ineffective assistance of counsel by not filing an appeal. <u>See</u> <u>Brohn 2</u>, C.R. 40 at p. 3. Specifically, Prisoner asserts that he "was unaware of the opportunity to appeal any or all of the adverse actions taken by the District Court." <u>See</u> <u>id</u>. Prisoner, however, agreed to waive his appeal rights when he agreed to the plea bargain. <u>See Brohn 2</u>, C.R. 7 at p. 4, Sec. 3(d). In other words, Prisoner might have lost the benefit of the bargain contained in the plea agreement if he had violated it by filing an appeal. Prisoner could have then potentially argued that his appellate attorney was ineffective for advising him to violate the terms of the plea agreement. This "second-guessing" of

-20-

counsel's strategic decisions is exactly what the Strickland court intended to avoid. Nonetheless, even if the decision to not appeal was objectively unreasonable, Prisoner cannot show prejudice by the decision to not appeal. As already argued, Prisoner obtained a significant benefit from the plea agreement.

(iii)  Ground Two-Sentencing

Prisoner asserts that in regards to sentencing his attorney: (1) failed to investigate the case; (2) failed to consult with Prisoner regarding the PSR; (3) failed to correct errors in his criminal history; and (4) failed to object to the PSR.[4] As a threshold matter, all of Prisoner's arguments related to sentencing are moot because he entered into a plea agreement pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), in which Prisoner and the United States agreed to a specific term of imprisonment. Here, the agreement was for an eight year term of imprisonment minus time served for a state court prosecution (which was in the end credited to Prisoner). Thus, any argument related to his sentencing, such as the factual validity of the PSR, had no bearing on the sentence he received. Accordingly, the Court need not go any further in examining such claims and should deny them outright.

---

[4] Prisoner also asserts separate sentencing-related arguments. See Brohn 2, C.R. 40 at pp. 8, 10 ("Grounds" Five, Six, Seven and Twelve). Those arguments parallel the arguments he makes regarding purported ineffective assistance during sentencing. As such, both sets of arguments are addressed in this section.

Nonetheless, Prisoner is wrong that his attorney did not provide effective assistance during the sentencing phase of the case. The record indicates that Prisoner's second attorney, Barbara O'Neill, filed formal objects on behalf of Prisoner. <u>See</u> Exhibit 2, Transcript of March 1, 2010 Hearing, at p. 3:18-19. Prisoner also stated during his sentencing hearing that he had the opportunity to discuss the PSR with his attorney. <u>See</u> Ex. 2 at p. 4:2. Further, during the sentencing hearing, Barbara O'Neill made additional objects to the PSR on behalf of Prisoner. <u>See</u> Ex. 2 at pp. 5-7.

Prisoner also admitted during a hearing that the reason his first attorney, Doug Beevers, did not file certain formal objections to the PSR is because Prisoner moved to have him removed as his attorney. <u>See</u> Ex. 2 at p. 13:17-24. In other words, Prisoner, not Doug Beevers, was cause of the formal objections not being filed. After Prisoner noted to the Court that certain formal objections were not made, the Court granted a continuance of the sentencing hearing from March 1, 2010 to April 12, 2010. <u>See</u> Ex. 2 at p. 15:4-9. During that time, Barbara O'Neill was able to formalize any additional objections Prisoner intended to assert. <u>See</u> Exhibit 3, Transcript of April 12, 2010 Hearing, at p. 1:16-18. The sentencing was continued again due to Prisoner filing an additional motion for new counsel.

During that hearing, Judge Wanger made a finding that Barbara O'Neill was competent counsel and had "exercised her prerogative as a lawyer to advise Mr. Brohn as to the law and to

-22-

do what in her legal judgment, which would be ethical and lawful." <u>See</u> Exhibit 4, Transcript of May 19, 2010 Hearing, at p. 7:4-10. After determining that Barbara O'Neill had provided competent counsel to Prisoner, Judge Wanger went through the additional sentencing issues in painstaking detail and afforded Prisoner the opportunity to raise any further issues. <u>See</u> Ex. 4 at pp. 9-23. At the conclusion of the sentencing hearing, Prisoner thanked Doug Beevers for the legal services he provided to Prisoner. <u>See</u> Ex. 4 at pp. 23-24.

D.    Prisoner's SORNA Conviction Is No Longer Valid But
<u>Prisoner Is Not Entitled To Any Relief</u>

As background, SORNA requires persons convicted of qualifying offenses to register as sexual offenders as a matter of federal law. <u>See</u> 42 U.S.C. Sections 16913(a)-(c), 16914(a), 16915(a), and 16916.

Prisoner asserts numerous arguments related to SORNA and the recent <u>Reynolds</u> opinion issued by the Supreme Court on January 23, 2012. <u>Reynolds v. United States</u>, 132 S.Ct. 975 (2012)(ruling on the effective date of the Sex Offender Registration and Notification Act ("SORNA"), Pub. L. No. 109-248, 120 Stat. 587 (2006)(codified as amended at 42 U.S.C. § 16913(a)-(c), 16914(a), 16915(a), and 16916). Except for the one argument asserted by Prisoner that relates to <u>Reynolds</u>, the arguments asserted by Prisoner regarding SORNA should be summarily denied as having no basis in law or fact.

First, Prisoner asserts that SORNA is invalid because it

violates the Ex Post Facto Clause of the Constitution. See Brohn 2, C.R. 40 at p. 4 (Ground One). Specifically, Prisoner claims that Congress had already criminalized the failure to register as a Sexual Offender under state law in the Wetterling Act. Id. (referring to the Jacob Wetterling Crimes Against Children and Sexually Violent Offender Registration Act of 1994, Pub. L. No., 103-322, 108 Stat. 2038, 2042 (1994)(codified as amended at 42 U.S.C. § 14071 (2006)). Thus, according to Prisoner, SORNA merely "increases" criminal liability already created by the Wetterling Act. Id.

This argument makes no sense. The Wetterling Act required states to form registries of sexual offenders. See Wetterling Act. It did not, however, make the failure to register a federal crime. Prisoner's argument therefore fails on its face because SORNA, not the Wetterling Act, criminalized the failure to register at the federal level.

Second, Prisoner asserts that his SORNA conviction in this case constitutes a double jeopardy violation because Prisoner was already convicted for the same offense by the State of Michigan. See Brohn 2, C.R. 40 at p. 12 (Ground Fourteen). Prisoner was convicted in the 7th Circuit Court of Genesee County, Michigan, in April 2008 for failing to register as a Sexual Offender. As a result of the conviction, Prisoner was sentenced to 24 months probation. See PSR at p. 15. Simply as a matter of law, Prisoner's argument makes no sense because a successive federal prosecution following a state prosecution does not violate the

Double Jeopardy Clause. See <u>Heath v. Alabama</u>, 474 U.S. 82, at 89 (1985) ("[T]he Court has uniformly held that the States are separate sovereigns with respect to the Federal Government because each State's power to prosecute is derived from its own 'inherent sovereignty,' not from the Federal Government"), citing <u>United States v. Wheeler</u>, 435 U.S. 313, at 320, n. 14 (1978).

Third, Prisoner argues that his present SORNA conviction lacked venue because "no violation of law occurred in this district." See <u>Brohn 2</u>, C.R. 40 at p. 12 (Ground Thirteen). This argument is baseless because 18 U.S.C. Sec. 3237(a) provides that any offense "begun in one district and completed in another, or committed in more than one district may … be prosecuted in any district in which such offense was begun, continued, or completed." See <u>United States v. Leach</u>, 639 F.3d 769, 771-772 (7th Cir. 2011). Indeed, the Supreme Court stated that, in the context of a SORNA violation, the offender's travel is "the very conduct at which Congress took aim," and thus the offense begins in the jurisdiction from which the offender departed. See <u>Carr v. United States</u>, 130 S.Ct. 2229, 2240 (2010). In other words, venue is proper in either the former district of residence or the district to which the Sexual Offender travels. See <u>United States v. Leach</u>, 639 F.3d 769, 772 (7th Cir. 2011). Here, Prisoner pleaded guilty to traveling from Tulare County, California to Michigan in approximately October 2007. As such, venue in the Eastern District of California—the location from which Prisoner traveled in violation of SORNA—is entirely proper.

Fourth, Prisoner argues that his SORNA conviction is invalid based on the recent <u>Reynolds</u> opinion and related case law. As set forth above, SORNA requires persons convicted of qualifying offenses to register as sexual offenders as a matter of federal law. <u>See</u> 42 U.S.C. Sections 16913(a)-(c), 16914(a), 16915(a), and 16916. The recent <u>Reynolds</u> opinion addresses a very narrow aspect of SORNA—namely, the date on which SORNA applies to defendants convicted of sex offenses prior to SORNA's enactment on July 27, 2006.

The courts of appeals divided sharply on that issue and settled into two groups. The first group held that SORNA applied to pre-SORNA offenders on the date of the statute's enactment on July 27, 2006. <u>See e.g.</u>, <u>United States v. Shenandoah</u>, 595 F.3d 151, 163 (3d Cir. 2010). The second group—including the Ninth Circuit—held that SORNA did not apply to pre-SORNA offenders until specified by the Attorney General. <u>See e.g.</u>, <u>United States v. Valverde</u>, 628.F.3d 1159, 1162-64 (9th Cir. 2010). According to the Ninth Circuit, SORNA became applicable to pre-SORNA sexual offenders on August 1, 2008. <u>See id.</u> at 1162-64.

As already noted, the <u>Reynolds</u> decision resolved the narrow issue of when SORNA applied to pre-Act offenders. The Supreme Court held that SORNA did not apply to pre-Act offenders until specified by the Attorney General. <u>See Reynolds</u>, 132 S. Ct. at 978. This ruling thus overturned the position of the first group of courts of appeals, which had held that SORNA applied on the date of the statute's enactment. As for the second group of

courts of appeals, the Supreme Court declined to specify a specific date on which SORNA became applicable to pre-Act offenders. Accordingly, August 1, 2008—the date fixed by the Ninth Circuit in <u>Valverde</u>—remains binding.

In light of the above, Prisoner asserts that his SORNA conviction is invalid because the conduct underlying his conviction occurred before the date on which he was required to register under SORNA. <u>See</u> <u>Brohn 2</u>, C.R. 40 at p. 4 (Ground Two). In other words, while Prisoner's conviction was based on his interstate travel in approximately October 2007, his obligation to register under SORNA was not applicable until August 1, 2008. This argument is valid. As noted above, under the binding Ninth Circuit rule set forth in <u>Valverde</u>, Prisoner was not subject to SORNA liability until August 1, 2008.

Notwithstanding the theoretical validity of Prisoner's argument, Prisoner is not entitled to any relief. As already argued above, Prisoner pled guilty to one count of violating 18 U.S.C. § 2422(b) (coercion and enticement), one count of violating 18 U.S.C. §§ 2423(b) and (e) (travel with intent to engage in illicit sexual conduct), and one count of violating 18 USC 2250(a) (failure to register). Had Prisoner been sentenced under an "open" plea agreement, the grouping rules contained in the Guidelines would have led to the same sentence even without the SORNA charge. This is because the greater offenses were contained in the Sexual Inducement case (containing the coerction and travel charges), not the Sexual Offender Case (containing the

SORNA charge). See Ex. 4 at p. 41 (noting that the multiple
count adjustment under § 3A1.4 of the Sentencing Guidelines calls
for a multiple of one, which means no enhancement for the
additional conviction). In other words, Prisoner's conviction
for violating SORNA had no bearing on his term of imprisonment
and has no apparent additional collateral consequences. Id.
Indeed, Prisoner does not specify a single unique collateral
consequence resulting from his SORNA conviction.

> E. The United States Did Not Withhold Exculpatory
>    Evidence from Prisoner

Prisoner asserts that the United States withheld exculpatory
evidence during this case. Specifically, Prisoner asserts that
in June 2010 the victim in the Sexual Inducement case told
Prisoner that the victim had informed Assistant United States
Attorney David Gappa (the lead attorney in the Sexual Inducement
and Sexual Offender Cases) that the victim "did not want to
proceed anymore" and that his "original statements were not
'totally true.'" See Brohn 2, C.R. 40 at p. 9 (Ground Ten).
According to Mr. Gappa, this is not true. See Exhibit 5, March
21, 2012 Declaration of David Gappa. Mr. Gappa states that the
Victim never communicated to Mr. Gappa or other members of the
prosecution team any of the statements that Prisoner attributes
to the Victim. Id.

///


///

# IV. CONCLUSION

For the reasons foregoing, the Prisoner's Petition should be denied in its entirety.

DATED: March 23, 2012                    Respectfully submitted,
                                         BENJAMIN B. WAGNER
                                         United States Attorney

                                    By:  /s/ Grant B. Rabenn
                                         Grant B. Rabenn
                                         Assistant U.S. Attorney

|   |   |   |
|---|---|---|
| 1 | UNITED STATES OF AMERICA, | ) 1:09-CR-00071 AWI |
|   |   | ) 1:09-CR-00025 AWI |
| 2 | Plaintiff, | ) 1:11-CV-00893 AWI |
|   |   | ) |
| 3 | v. | ) CERTIFICATE OF SERVICE |
|   |   | ) |
| 4 | Jeffrey Alan Brohn | ) |
|   |   | ) |
| 5 | Defendant. | ) |
|   |   | ) |
| 6 | _____ | ) |

7   The undersigned hereby certifies that she is an employee in

8 the Office of the United States Attorney for the Eastern District

9 of California and is a person of such age and discretion to be

10 competent to serve papers.

11   That on March 23, 2012 she served a copy of the <u>GOVERNMENT'S</u>

12 <u>OPPOSITION TO PRISONER BROHN'S 28 U.S.C. § 225 MOTION TO CORRECT,</u>

13 <u>VACATE, OR SET ASIDE HIS CONVICTION:</u> via first class mail by

14 placing said copy in a postpaid envelope addressed to the

15 person(s) hereinafter named, at the place(s) and address(es)

16 stated below, which is/are the last known address(es), and by

17 depositing said envelope and contents in the United States Mail

18 at Fresno, California.

19 Addressee(s):

20

21 **Jeffrey Alan Brohn**

22 **42676-039**
   **USP**

23 **P.O. Box 1000**

24 **Marion, IL 62959**

25

26                                         Susan K. Sok
                                          Legal Assistant
27

28