**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

SEP 3 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 18-10178 |
| Plaintiff-Appellee, | D.C. No. 1:08-cr-00271-DAD-1 |
| v. | |
| JEFFREY ALAN BROHN, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Eastern District of California
Dale A. Drozd, District Judge

Argued and Submitted July 17, 2019
San Francisco, California

Before: MURPHY,** PAEZ, and RAWLINSON, Circuit Judges.

Jeffrey Brohn pleaded guilty to using a facility of interstate commerce to induce a minor to engage in sexual activity and traveling in interstate commerce with the intent to engage in illicit sexual conduct. *See* 18 U.S.C. §§ 2422(b),

---

  * This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

  ** The Honorable Michael R. Murphy, United States Circuit Judge for the U.S. Court of Appeals for the Tenth Circuit, sitting by designation.

2423(b), 2423(e).  After serving a prison term, Brohn violated the terms of his supervised release by embezzling money from his employer.  Upon revocation of Brohn's original term of supervised release, the district court imposed a new term of imprisonment, followed by a new term of supervised release.  Brohn challenges the validity of several conditions of his supervised release.  Exercising jurisdiction pursuant to 28 U.S.C. § 1291, this court **affirms in part, vacates in part**, and **remands** to the district court for further proceedings consistent with this disposition.

**1. Mandatory Drug Testing Condition.**[1]  Brohn asserts the district court erred in refusing to (1) suspend the requirement of drug testing and (2) limit the number of allowed tests to the statutory minimum.  Brohn errs in asserting the law-of-the-case doctrine impacts our analysis of the propriety of this mandatory condition of supervised release.  *See United States v. Bainbridge*, 746 F.3d 943, 946-50 (9th Cir. 2014); *United States v. Cade*, 236 F.3d 463, 467-68 (9th Cir. 2000).  Instead, even if the condition was suspended in a prior sentencing proceeding, we review for abuse of discretion the imposition of a mandatory drug

---

[1] The district court shall "order, as an explicit condition of supervised release, that the defendant . . . submit to a drug test within 15 days of release on supervised release and at least 2 periodic drug tests thereafter." 18 U.S.C. § 3583(d).  This condition "may be . . . suspended by the court," *id.*, if "the defendant's presentence report or other reliable sentencing information indicates a low risk of future substance abuse," *id.* § 3563(a)(5).

testing condition. Even absent evidence of past drug abuse, imposition of mandatory drug testing is not an abuse of discretion. *United States v. Jeremiah*, 493 F.3d 1042, 1046-47 (9th Cir. 2007). *Jeremiah* also forecloses Brohn's challenge to the number of drug tests authorized by the district court. *Id*. at 1046-47 (holding that a district court order allowing a probation officer to test a defendant up to eight times a month was not an abuse of discretion). Brohn has failed to identify evidence in the record demonstrating "the testing level set by the district court involves a greater deprivation of liberty than is reasonably required to achieve deterrence, public protection and offender rehabilitation." *Id.*

**2. Special Condition No. 9.** Brohn's unpreserved overbreadth challenge to the computer search condition in Special Condition No. 9 fails under plain error review. Unlike the condition in *United States v. Sales*, 476 F.3d 732, 736 (9th Cir. 2007), the search condition here is limited to computers in Brohn's "possession or control." *See United States v. Bare*, 806 F.3d 1011, 1017-18 (9th Cir. 2015). Furthermore, Brohn has not identified a case reversing, as overbroad, a search condition limited to computers in a defendant's possession or control.

Special Condition No. 9's monitoring condition, on the other hand, which authorizes monitoring of aspects of Brohn's computer use not tied to the Internet, is plainly at odds with this court's decision in *Sales*, 476 F.3d at 734, 737-38; *see also United States v. Quinzon*, 643 F.3d 1266, 1272-73 (9th Cir. 2011) (so

construing *Sales)*.  Recognizing the possibility that Special Condition No. 9's monitoring condition is at odds with *Sales* and *Quinzon*, the government requests that this court construe the condition on appeal so it is consistent with those cases. We conclude the better course is to remand the matter to the district court to undertake that process with the input of the parties and probation officer.

    **3. Special Condition No. 7.**  Brohn has not demonstrated the district court plainly erred in requiring that he obtain permission before possessing or using any computer-like device that has actual access[2] to the Internet.  *See United States v. LaCoste*, 821 F.3d 1187, 1192 (9th Cir. 2016) (noting that district courts may impose such a condition when the defendant has a history of using the Internet to commit other crimes).  The record indicates a computer abandoned by Brohn in Arizona contained "images of minors . . . engaged in sexually explicit conduct." Thus, Special Condition No. 7 fits within the rule set out in *LaCoste*.

    **4. Special Condition No. 10**.  Special Condition No. 10, which facially prohibits Brohn from possessing "writings describing child pornography" relevant to future court proceedings and mandatory sex-offender treatment, is plainly

---

[2]Special Condition No. 7 provides that Brohn "shall not possess or use a computer or any device that has access to any 'on-line computer service.'"  This condition, especially when read in conjunction with Special Condition No. 9 can only be reasonably read as limiting the use of computer-like devices that are actually "attached" to the Internet.

inconsistent with the limitations set out in *United States v. Cope*, 527 F.3d 944, 957-58 (9th Cir. 2008). As *Cope* makes clear, the better course when faced with a facially overbroad condition like Special Condition No. 10 is to remand to the district court to amend the condition to clarify, with the input of the parties and probation officer, that Brohn (1) may keep journals or participate in the writing of a "sexual autobiography," if required by his sex offender treatment; and (2) may possess materials necessary to litigate matters relevant to the validity of his conviction and continuing propriety of his conditions of supervised release.

**5. Special Condition No. 13**. Citing to *United States v. Esparza*, 552 F.3d 1088, 1090-91 (9th Cir. 2009), Brohn asserts the district court erred in failing to specifically note the sex-offender treatment mandated by Special Condition No. 13 does not include penile plethysmograph testing. Because plethysmograph testing implicates an especially significant liberty interest, *United States v. Weber*, 451 F.3d 552, 563 (9th Cir. 2006), *Esparza* makes clear it is not authorized by Special Condition No. 13. 552 F.3d at 1090-91. *Esparza* does not, however, require district courts to create an endless list of those aspects of sex-offender treatment that are not authorized by conditions like Special Condition No. 13. Thus, we need not remand this condition to the district court for further clarification.

**AFFIRMED IN PART; VACATED IN PART and REMANDED.**